**Norman W. LEMLEY, Plaintiff,**

v.

**John N. MITCHELL, Defendant.**

Civ. A. No. 424-69.

United States District Court
District of Columbia.

Oct. 21, 1969.

Darryl L. Wyland, Washington, D. C., for plaintiff.

Joseph M. Hannon, Asst. U. S. Atty., Washington, D. C., for defendant.

YOUNGDAHL, District, Judge.

### MEMORANDUM AND ORDER

The matter before this Court concerns a complaint for mandamus. The plaintiff, Norman W. Lemley, seeks to compel the Attorney General of the United States to certify under 28 U.S.C. § 2679 (d) [1] that Mr. Lemley was operating an automobile within the scope of his employment by the United States as an officer of the Coast Guard when he was involved in an accident on November 11, 1964. On November 13, 1967 a suit was instituted against Lemley in the Court of General Sessions for the District of Columbia for damages sustained in said accident.

The reason for the plaintiff's desire for certification by the Attorney General is plain. If the Attorney General were to certify that the plaintiff was "acting within the scope of his employment at the time of the incident out of which the suit arose", the suit pending against him in the Court of General Sessions would automatically be removed to the United States District Court.[2] There the United States would be substituted as a party for Lemley. Unless a motion in the District Court to remand to the Court of General Sessions was granted on the ground that certification was improper, Lemley would be immune from any suit for damage to property or for personal injury arising out of the automobile accident in question.[3]

▇▇▇▇ Whatever the merits of the plaintiff's claim that he was acting within the scope of his employment by the Coast Guard at the time of the automobile accident, there are several reasons why an action for mandamus is not proper under the circumstances of this case. Mandamus is an extraordinary remedy and lies only where there has been a violation of a ministerial duty or where

---

1. 28 U.S.C. § 2679(d) (1964) provides: Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

2. 28 U.S.C. § 2679(d) (1964).

3. 28 U.S.C. § 2679(b) (1964) as amended July 18, 1966, Pub.L. 89–506, § 5(a), 80 Stat. 307 provides: The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim. It should be noted that the changes incorporated by this amendment to subsection (b) are not material in the instant case. The requirements for immunity by a government employee have not been altered.

there can be no doubt that specific action has been commanded by law.[4] In other words, mandamus may be employed as a remedy where there has been an exercise of discretion by a public official in a case which actually permits no use of discretion at all. Furthermore, there must exist no adequate remedy at law.[5] This indicates that there must be a clear showing of irreparable injury if the relief sought by the petitioning party is not granted. In the instant case the plaintiff has failed to demonstrate that any of the requirements for a complaint in mandamus has been satisfied.

In his complaint plaintiff merely alleges that he requested certification from the Attorney General. There is nothing to show that the plaintiff made such a request in writing or submitted an interrogatory to the Attorney General on the issue of scope of employment. Since Section 2679(d) does not require the Attorney General to grant certification in all cases, but, instead, apparently leaves that decision to his sound discretion, plaintiff should have made use of interrogatories before resorting to mandamus. If the Attorney General refuses to answer an interrogatory properly drawn by the plaintiff, plaintiff could then file an ordinary motion to compel a response. If no response is forthcoming, the next step by the plaintiff would be the filing of a motion to compel certification. This procedure would accomplish the same result being sought in this action for mandamus. Where the more conventional form of relief by motion is available, there is no good reason why resort to the extraordinary remedy of mandamus is necessary. Upon the Court's suggestion of this method to the plaintiff's attorney in the present case at the oral argument, the attorney with admirable candor and frankness conceded that the relief available to him on mandamus would also be available through the more conventional procedure discussed above.

There is a further reason for denying mandamus in this case. Plaintiff still has another avenue of action open to him. In the suit for damages in the Court of General Sessions where he is defendant, he may offer evidence that he was, in fact, acting within the scope of his employment with the United States at the time of the accident. Congress did not contemplate, as plaintiff contends, that there must be a certification by the Attorney General before one acting within the scope of government employment may become immune from suit. By its terms, Section 2679(b) declares that the exclusive action shall be against the United States where it is shown that the employee was acting within the scope of his government employment when the incident in question occurred.

Subsection (d), which authorizes certification by the Attorney General, was designed to facilitate removal to a federal court when it appeared that the United States would be the only proper party defendant. That provision in no way restricts the ability of a defendant employee to obtain immunity from suit, provided he is able to demonstrate that he falls within the scope of subsection (b). If the Court of General Sessions agrees with the defendant (plaintiff in this action) that he was acting within the scope of his employment with the Coast Guard when the accident occurred, the court should declare him immune from suit under subsection (b).

It is true that if plaintiff in this action is forced as a defendant in the Court of General Sessions to establish his immunity from suit, he must undergo the expenses of defending a suit which

4. See Whittier v. Emmet, 108 U.S.App. D.C. 191, 281 F.2d 24 (1960) ; Chapman v. Santa Fe Pac. R. Co., 90 U.S.App.D. C. 34, 198 F.2d 498 (1952) ; Prince v. Klune, 80 U.S.App.D.C. 31, 148 F.2d 18 (1945).

5. See United States ex rel. Girard Trust Co. v. Helvering, 301 U.S. 540, 57 S.Ct. 855, 81 L.Ed. 1272 (1937); Clark v. Menolo, 85 U.S.App.D.C. 65, 174 F.2d 978 (1949).

might have been unnecessary had the Attorney General issued a certification. In the Court's view, however, that possibility is not sufficient to constitute the irreparable injury that is required before an action for mandamus will lie. Section 2679(d) clearly indicates that even after the Attorney General has issued a certification and the case has been removed to the District Court, that court, upon a motion for remand, may consider whether the defendant employee was acting within the scope of his government employment. If the Court determines that the certification was improper, it may grant the motion and remand the cause to the Court of General Sessions.[6]

Thus, the failure of the Attorney General to issue a certification may result in no more cost to the plaintiff than an agreement of certification. Because the certification by the Attorney General is simply an administrative determination, not conclusive as to the issue of scope of employment, it cannot be validly maintained that there will be irreparable injury if the Attorney General does not grant the certification. The Court again stresses that the relief of mandamus, based on equitable principles, should be allowed in only the most extraordinary cases. It is not within the Court's province to interfere with the discretion of the Attorney General simply because he has made a decision adverse to the interests of plaintiff.

Although the Court feels obliged to deny plaintiff's action for mandamus, it should be noted that the attorney representing the Attorney General in this case informed the Court at oral argument that the employer of the plaintiff at the time of the accident (the Coast Guard) has changed its original opinion that the plaintiff was not acting within the scope of his employment at the time of the accident. If the Attorney General is satisfied upon consultation with the Coast Guard authorities that this alteration of position is warranted by the facts, a certification will be issued under Section 2679(d) and thus in any event this action would then be moot.

For the foregoing reasons, it is, this 21 day of October, 1969,

Ordered that plaintiff's action in mandamus be, and the same is hereby, dismissed.