**Martha M. BINN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Martha M. BINN, Plaintiff,**

v.

**Lawrence Eugene WILLIAMS, Defendant.**

**Civ. A. Nos. 74–C–330, 74–C–365.**

United States District Court,
E. D. Wisconsin.

March 26, 1975.

Whaley & Whaley, Racine, Wis., for plaintiff.

William J. Mulligan, U. S. Atty. by Randall J. Sandfort, Asst. U. S. Atty., Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The above-entitled personal injury actions arise out of a single automobile-pedestrian accident which occurred on August 3, 1971, in Racine, Wisconsin. Consequently, these actions are consolidated for purposes of this decision and order.

Martha M. Binn, the plaintiff in both actions, was struck while crossing an intersection by a government vehicle driven by Lawrence E. Williams, a member of the United States Air Force. The case of Binn v. United States, No. 74–C–330, was commenced in this court on August 2, 1974, and although the complaint fails to specifically allege the basis of this court's jurisdiction in derogation of Rule 8(a) of the Federal Rules of Civil Procedure, the complaint alleges that Lawrence E. Williams, the driver of the automobile involved, was a member of the United States Air Force, operating a government-owned vehicle and was acting within the scope of his employment at the time of the accident. Thus, the court will consider plaintiff's complaint to assert this court's jurisdiction under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

Binn v. Williams, No. 74–C–365, was commenced in the Circuit Court of Racine County on August 2, 1974, against Williams as the driver of the vehicle involved. This state court complaint does not specifically allege that Williams was acting within the scope of his federal employment at the time of the accident. On August 30, 1974, this state court action was removed to this court upon the petition of the United States of America pursuant to 28 U.S.C. § 2679(d). The petition for removal was accompanied by the certificate of Robert J. Griffin, a transportation officer of the Air Force, indicating that on the date of the accident Lawrence E. Williams was operating a government vehicle on an authorized trip and was at all material times a federal employee acting within the scope of his federal employment.

The United States asserts that this state action must be deemed a tort action against the United States and is removable under the provisions of 28 U.S.C. § 2679(d). Plaintiff has never moved to remand the action to the state court. The Government has interposed motions to dismiss in both of these actions.

### I.

In Binn v. United States, No. 74–C–330, the United States has moved to dismiss the action on its merits for the reason that the plaintiff failed to file an administrative claim within a period of two years following the accident, and, consequently, the Government asserts that the action is forever barred pursuant to 28 U.S.C. § 2401(b) which provides:

"A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues * * * ."

As noted above, this accident occurred on August 3, 1971, and, consequently, the action against the United States is forever barred unless plaintiff filed the required claim prior to August 3, 1973. The only correspondence received from the plaintiff within the two-year period was a letter of August 5, 1971, from plaintiff's attorney addressed to the Serviceman, Lawrence Williams, in which plaintiff's attorney advised Mr. Williams of his representation of the plaintiff. The next correspondence from the plaintiff was a letter from plaintiff's attorney addressed to the Judge Advocate General's Office, Chanute Air Force Base. This letter is dated August 17, 1973, which is outside the two-year limitation period for filing a claim under the statute. This letter contained no claim for damages.

On August 23, 1973, standard government forms for filing a claim were sent to plaintiff's attorney. The forms were not completed and returned to the Chanute Air Force Base claims office until July 5, 1974. Thus, all correspondence other than the August 5, 1971, letter is outside the limitation period of two years. Consequently, only the August 5, 1971, letter could constitute a claim tolling the limitation period.

■■■ This Court concludes that the letter of August 5, 1971, is insufficient to constitute a claim under 28 U.S.C. § 2401(b). In Johnson v. United States, 404 F.2d 22 (5th Cir. 1968), the Court found that a similar letter from plaintiff's attorney was not a claim under 28 U.S.C. § 2401(b) because it was not filed on standard government forms and because it did not state the amount of the claim. Also, in Ianni v. United States, 457 F.2d 804 (6th Cir. 1972), it was held that an attorney's letter advising of his retention was not a claim within § 2401 (b) in that the letter did not claim a sum certain. In addition, § 2401(b) requires that the claim be presented to a "Federal agency." The August 5, 1971, letter was addressed to Lawrence Williams, the serviceman involved, and was not presented to a "Federal agency." Consequently, the Court concludes that no timely claim was made in this action and, therefore, it is barred pursuant to § 2401(b).

In response to the Government's motion, plaintiff asserts that even if the August 5, 1971, letter is insufficient under § 2401(b), the Government failed to follow its standard military procedure of promptly forwarding a standard claim form to the plaintiff in response to the letter. Essentially plaintiff contends that the Government's failure to timely forward the standard form constituted an extension or waiver of the two-year statute.

■■ Even assuming that there is such a "standard military procedure," plaintiff's contention is without merit. The doctrines of waiver and estoppel are not applicable to the Government in this area. Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9th Cir. 1969). The Federal Tort Claims Act is a waiver of sovereign immunity. It creates a cause of action, and the Government consents to be sued on the cause of action created. Therefore, suits filed under the Act must be in exact compliance with the terms of congressional consent. Childers v. United States, 442 F.2d 1299 (5th Cir. 1971). As stated in Mann v. United States, 399 F.2d 672, 673 (9th Cir. 1968):

> " * * * Although exceptions to the applicability of the limitations period might occasionally be desirable, we are not free to enlarge that consent to be sued which the Government, through Congress, has undertaken so carefully to limit. See United States v. Sherwood, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The limitations period established by Congress 'must be strictly observed and exceptions thereto are not to be implied.' Soriano v. United States, 352 U.S. 270, 276, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). * * * "

■■ Finally, since the claim must precede the suit under § 2401(b), the requirement is jurisdictional and cannot be waived. Driggers v. United States, 309 F.Supp. 1377 (D.S.C.1970). The two-year limitation contained in 28 U.S.C. § 2401(b) has been held many times to be a jurisdictional requirement, one not capable of waiver or subject to an estoppel. Lomax v. United States, 155 F.Supp. 354 (E.D.Pa.1957); Pittman v. United States, 210 F.Supp. 763 (N.D.Cal.1962), aff'd 341 F.2d 739 (9th Cir. 1965); Powers v. United States, 390 F.2d 602 (9th Cir. 1968), and Jackson v. United States, 234 F.Supp. 586 (E.D.S.C. 1964). Consequently, § 2401(b) is to be strictly construed and is not to be extended by implication or by equitable considerations.

## II.

■ We now turn to Binn v. Williams, No. 74–C–365, which is the state court

action against Williams individually as the driver of the vehicle. As noted previously, this action was removed to this court on August 30, 1974, upon the petition of the United States accompanied by certification that Williams was acting within the scope of his federal employment at the time of the accident. Following the removal, to which plaintiff has never objected, the Government interposed a motion to dismiss pursuant to Rule 12(b)(6). The basis of the Government's motion to dismiss is 28 U.S.C. § 2679(b), which section provides:

"(b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

The provisions of this section were designed to insulate an employee of the United States from liability for injuries caused by negligent acts in the operation of a motor vehicle while acting in the course of employment, Garrett v. Jeffcoat, 483 F.2d 590 (4th Cir. 1973); Henderson v. United States, 429 F.2d 588 (10th Cir. 1970), and to relieve Government employees of the burden of personal liability for accidents which occur on the job. Consequently, this statute makes the United States *solely* liable for the negligent acts of its servants while they are operating motor vehicles within the scope of their employment, and there is no cause of action whatever against the employee himself. Garrett v. Jeffcoat, supra.

Because actions against individual employees of the federal government will often be commenced in a state court, 28 U.S.C. § 2679(b) provides a procedure for the implementation of the exclusive liability of the United States under §

2679(b) by way of removal to the federal court. Section 2679(d) of 28 U.S.C. provides in part:

"(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. * * * "

The procedure under this statute envisions the removal of the state court action against the individual employee upon certification of his status as a federal employee to the district court and substitution of the United States as party defendant and dismissal of the action with respect to the individual federal employee. Driggers v. United States, 309 F.Supp. 1377 (D.S.C.1970); Johnson v. United States, 404 F.2d 22 (5th Cir. 1968). Therefore, following the removal of this action, the United States was in effect substituted as defendant, and plaintiff's remedy was exclusively against the United States pursuant to § 2679(b).

■■ Considering this action as an action against the United States, the case must be dismissed for the reasons stated above in the dismissal of Binn v. United States, No. 74–C–330. That is, the plaintiff's exclusive action against the United States is forever barred by reason of plaintiff's failure to file an administrative claim within two years of the accident pursuant to 28 U.S.C. § 2401(b). Such disposition of the case is required by the plain language of the statutes involved and is supported by case authority on point. Reynaud v. United States, 259 F.Supp. 945 (W.D. Mo.1966); Driggers v. United States,

309 F.Supp. 1377 (D.S.C.1970). Consequently, plaintiff has no cause of action against Williams as an individual pursuant to § 2679(b) and must proceed exclusively against the United States. Plaintiff's cause of action against the United States is barred by reason of § 2401(b). Thus, plaintiff is without a cause of action, and the fact that an action can no longer be maintained against the United States does not give rise to an action against the motorist employee in his individual capacity. Reynaud v. United States, supra.

In opposition to the Government's motion to dismiss, plaintiff contends there is a factual issue as to whether or not Williams was acting in the scope of his employment at the time and place of the accident and that this Court should consider this issue as an affirmative defense to the Government's motion to dismiss. This contention is without merit, because no matter how that issue is resolved, this Court has no jurisdiction over plaintiff's cause of action. As noted above, if Williams was acting within the scope of his employment, plaintiff's exclusive remedy is against the United States, and the cause of action against the United States is forever barred by 28 U.S.C. § 2401(b). Assuming that Williams was not acting within the scope of his employment, then the case was improperly removed from the state court on August 30, 1974, and should have been remanded because this Court lacks jurisdiction over the action. Therefore, regardless of how the factual issue is resolved, this Court cannot proceed to the merits of the action.

Although plaintiff should have moved to remand the action to state court at the time that the petition for removal was filed, this Court will construe plaintiff's brief in opposition to the Government's motion to dismiss as a motion for remand of the action to the state court. The Court will also construe the Government's motion to dismiss pursuant to Rule 12(b)(6) together with the certification that Williams was acting within the scope of his employment as a motion for summary judgment on the question of remand pursuant to Rule 56. Rule 12(b) allows this construction:

"(b) * * * If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

Plaintiff shall be given a reasonable opportunity to present materials pertinent to the remand question.

Now therefore, it is ordered that the motion to dismiss the action interposed by the United States of America in Binn v. United States, No. 74–C–330, be and it hereby is granted.

It is further ordered that the motion to dismiss the action interposed by the United States of America in Binn v. Williams, No. 74–C–365, be and it hereby is granted with respect to the United States only.

It is further ordered that the plaintiff in Binn v. Williams, No. 74–C–365, shall have fourteen days from the filing date of this decision and order in which to file briefs and affidavits in support of her motion to remand the action to state court. The United States shall have ten days thereafter in which to reply to plaintiff's motion for remand by appropriate affidavits and briefs. The issue will then be decided by the Court on the materials filed unless either party requests oral argument in writing.

It is further ordered that in the event plaintiff fails to file such affidavits and brief within twenty days of the filing date of this decision and order, the action of Binn v. Williams, No. 74–C–365, is then dismissed without further order of this Court.