Freida SEIDEN, Administratrix of the Estate of Roberta Levitt, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 75–2111.

United States Court of Appeals, Sixth Circuit.

Argued April 8, 1976.

Decided July 9, 1976.

---

Michael B. Haber, Rouse, Selby, Dickinson, Pike & Mourad, Robert M. Filiatrault, Detroit, Mich., for plaintiff-appellant.

Ralph B. Guy, Jr., U. S. Atty., Gwenn L. Carr, Detroit, Mich., for defendant-appellee.

Before LIVELY and ENGEL, Circuit Judges, and RUBIN *, District Judge.

LIVELY, Circuit Judge.

This is an appeal from the dismissal with prejudice of a complaint which sought an order of mandamus pursuant to 28 U.S.C. § 1361 directing the Attorney General of the United States "to remove to the United States District Court and defend (in the name of the United States of America) all actions presently pending or hereinafter instituted against Freida Seiden, Administratrix of the Estate of Roberta Levitt." Roberta Levitt, an employee of the Internal Revenue Service, was killed in a highway collision on June 6, 1971 while driving her personal automobile from Detroit to Cincinnati. Ms. Levitt was scheduled to attend a three week class in advanced tax auditing at the I.R.S. regional training center in Cincinnati beginning at 12:30 p. m. on June 7, 1971. The complaint also sought a declaration that Ms. Levitt was in the scope of her employment at the time of the collision and that her estate was "immune from any civil action or other proceeding arising out of the collision . . . in accordance with 28 U.S.C. § 2679."

In 1961 Congress amended the Federal Tort Claims Act by adopting Public Law 87–258 [75 Stat. 539] "to provide for the

---

* The Honorable Carl B. Rubin, Judge, United States District Court for the Southern District of Ohio, sitting by designation.

defense of suits against Federal employees arising out of their operation of motor vehicles in the scope of their employment . . . ." The Federal Drivers Act is codified as 28 U.S.C. § 2679(b)–(e).[1] The purpose of the Act is "to provide a method for the assumption by the Federal Government of responsibility for claims for damages against its employees arising from the operation by them of vehicles in the scope of their Government employment." S.Rep.No. 736, 2 U.S.Cong. & Adm.News, 1961, 87th Cong., 1st Sess. at 2785. *See VanTrease v. United States,* 400 F.2d 853, 854–55 (6th Cir. 1968).

 The essential requirement for application of the provisions of the Act, as shown by its preamble, the statement of purpose and the Act itself is that the claims against an employee must arise out of the use of a vehicle in the scope of federal employment. Though subsections (c) and (d) of 28 U.S.C. § 2679 are not as clear as one might like, we conclude that they vest in the Attorney General, after receiving copies of the process and pleadings from an employee who has been sued, the discretion to determine whether or not the claims against the employee arose out of the use of a vehicle in the scope of government em-

ployment. If the Attorney General finds that this requirement has been met his certification to this effect then triggers the other provisions of the Act. The use of the mandatory "shall defend" in subsection (c) does not require the conclusion that the action of the Attorney General is ministerial rather than discretionary since the mandatory language is modified by the requirement that the actions required to be defended be "for any such damage or injury." The "such" refers back to the language of subsection (b) which limits the application of the Act to claims arising out of the use of vehicles in the scope of office or employment.

 In *Lemley v. Mitchell,* 304 F.Supp. 1271 (D.D.C.1969), the extraordinary remedy of mandamus was denied in an action similar to the present one. As Judge Youngdahl pointed out in *Lemley,* denial of mandamus does not prevent the government employee from attempting to establish in the state court where he has been sued that he was in fact within the scope of his employment at the time of the collision out of which the claims against him arose. If he does establish this fact the provisions of subsection (b) grant him personal immu-

---

1. (b) The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

(c) The Attorney General shall defend any civil action or proceeding brought in any court against any employee of the Government or his estate for any such damage or injury. The employee against whom such civil action or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate superior or to whomever was designated by the head of his department to receive such papers and such person shall promptly furnish copies of the pleadings and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, to the

Attorney General, and to the head of his employing Federal agency.

(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

(e) The Attorney General may compromise or settle any claim asserted in such civil action or proceeding in the manner provided in section 2677, and with the same effect.

nity. Furthermore, even where the Attorney General determines that the claims against an employee are within the Act, this determination is not binding on the district court. Subsection (d) provides that after a hearing the court may find that a case which has been removed does not meet the requirements of subsection (b), and remand it to the state court.

■ When all these factors are considered, the failure of the Attorney General to make the certification provided for in subsection (d) does not result in such irreparable injury to the government employee as might make mandamus appropriate. Furthermore, the Ninth Circuit has held that a district court has jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701 et seq. to review a decision of the Attorney General under the Federal Drivers Act. *Proietti v. Levi,* 530 F.2d 836 (1976). This avenue of relief was not pursued in the present case. However, the *Proietti* case demonstrates the existence of an adequate statutory remedy—judicial review of an alleged abuse of discretion, which precludes resort to mandamus.

■ The plaintiff in the present case also sought to establish jurisdiction under 28 U.S.C. § 1346(a)(2), the Tucker Act, which gives district courts concurrent jurisdiction with the Court of Claims of certain civil actions against the United States involving less than $10,000. The plaintiff did not seek damages in this action. The prayer of the complaint was for mandamus and a declaratory judgment. The Tucker Act has been held to confer jurisdiction on district courts only in actions for money judgments. *Lee v. Thornton,* 420 U.S. 139, 95 S.Ct. 853, 43 L.Ed.2d 85 (1975); *Richardson v. Morris,* 409 U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973).

The judgment of the district court is affirmed.

1. Cited and followed in *Peek v. Mitchell,* 419 F.2d 575 (6th Cir. 1970).

2. "Review is not precluded by 5 U.S.C. § 701(a)(2) *Citizens to Preserve Overton Park*

CARL B. RUBIN, District Judge (dissenting).

While I concur in the general proposition of the majority opinion holding that the decision of the Attorney General under the Federal Drivers Act is reviewable by the United States District Court, I hesitate to join in the conclusion that review under the Administrative Procedures Act, 5 U.S.C. § 701 et seq. is an available remedy while mandamus is not.

The jurisdiction of a District Court in mandamus is ordinarily limited to nondiscretionary ministerial duties. *Armstrong v. United States,* 233 F.Supp. 188, aff'd, 354 F.2d 648 (9th Cir. 1965), *cert. denied,* 384 U.S. 946, 86 S.Ct. 1472, 16 L.Ed.2d 543 (1966); *Switzerland Co. v. Udall,* D.C.N.C., 225 F.Supp. 812, aff'd, 337 F.2d 56 (4th Cir. 1964), *cert. denied,* 380 U.S. 914, 85 S.Ct. 900, 13 L.Ed.2d 800 (1965).

In another context it has been held that mandamus will not lie to control the discretion of the Attorney General:

. . . *Confiscation Cases,* 74 U.S. (7 Wall.) 454, 19 L.Ed. 196 (1868); *Moses v. Katzenbach,* 119 U.S.App.D.C. 352, 342 F.2d 931 (1965), affirming sub nom. *Moses v. Kennedy,* 219 F.Supp. 762 (D.D.C. 1963); *Goldberg v. Hoffman,* 225 F.2d 463 (7th Cir. 1955); *Pugach v. Klein,* 193 F.Supp. 630 (S.D.N.Y.1961); *United States v. Brokaw,* 60 F.Supp. 100 (S.D.Ill. 1945).[1]

Assuming the determination of the Attorney General under 28 U.S.C. § 2679 is discretionary, recourse to the Administrative Procedures Act is not all that clear. Section 701(a)(2) excepts from the Administrative Procedures Act, "agency action . . . committed to agency discretion by law". *Proietti v. Levi,* 9 Cir., 530 F.2d 836, declares this limitation inapplicable by reference only to *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136.[2] *Citizens,* however, does not

v. Volpe, 401 U.S. 402, 410, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971)." *Proietti v. Levi, supra* at 838.

deal with the Attorney General and states only that: "The Secretary's [of Transportation] decision here does not fall within the exception for action 'committed to agency discretion' . . .", *supra* at page 410, 91 S.Ct. at page 820.

I have difficulty visualizing an act discretionary which renders mandamus inapplicable but the Administrative Procedure Act not.

Is recourse to the state courts at plaintiff-appellant's own expense the only remedy? This, I suggest, defeats the essential purpose of 28 U.S.C. § 2679. It was precisely to avoid subjecting government employees to the expense of defending personal injury suits that this section was adopted.[3]

Were I convinced that the Administrative Procedure Act does in fact provide a remedy, I would agree with the majority. Believing, however, that a determination of the Attorney General should be reviewable in the first instance by the United States District Court, I am unwilling to assign to future plaintiffs a remedy which may be no remedy at all. For these reasons I do respectfully dissent.

---

**3.** Section 2679 was added to Title 28 in 1961. It had its origin in a bill entitled HR 2883. The following excerpts from debate on Section 2679 are particularly significant:

Without such protection [Section 2679] Government employees driving motor vehicles in the course of their official duties *must make a personal investment in insurance to protect themselves against damage suits.* This imposes a heavy burden on a group of employees who must incur this expenditure only because of their government duties [emphasis added]. Senator Kenneth B. Keating.

Senator Keating was joined by Senator Sam Ervin, Jr., who made the following observation:

The second interest with which we are concerned is that of the federal employee, be he Postal employee or an employee in some other federal activity who cause injury unintentionally in the performance of his duties as an employee of the federal government . . . *and he is entitled to have his cause defended by the Attorney General.* [Emphasis Added] 107 Congressional Record pp. 18499–500, 87th Congress, First Session.