Jimmie Dale THOMASON, Appellant in No. 75–2142 and 75–2143,

v.

John H. SANCHEZ et al.

Jimmie Dale THOMASON

v.

John H. SANCHEZ et al.

Jimmie Dale THOMASON

v.

John H. SANCHEZ and United States of America.

Jimmie Dale THOMASON

v.

John H. SANCHEZ and Dorothy E. Sanchez.

Nos. 75–2142 to 75–2143.

United States Court of Appeals, Third Circuit.

Argued May 3, 1976.

Decided July 22, 1976.

Ira Rabkin, Molotsky, Rabkin & Gross, Haddonfield, N. J., for appellant.

C. Kennon Hendrix, Roy D. Cummins, Pennsauken, N. J., for appellees Sanchez and Government Employees Ins. Co.

Jonathan L. Goldstein, U. S. Atty., Maryanne T. Desmond, Asst. U. S. Atty., Newark, N. J., for appellee United States of America.

Before ALDISERT, GIBBONS and GARTH, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

These appeals from summary judgments in favor of defendants emanate from a vehicular collision involving two servicemen on active duty and require us to interpret provisions of the Federal Tort Claims Act and the Federal Drivers Act. We affirm.

Appellant Thomason, a member of the United States Army, was operating his motorcycle on the grounds of Fort Dix, New Jersey on November 30, 1972, when he was struck by an automobile owned and operated by defendant Sanchez, himself a serviceman. Subsequently, Thomason commenced a number of lawsuits seeking compensation for injuries incurred in the collision. The district court has detailed these various actions—now consolidated—and their procedural nuances. 398 F.Supp. 500, 501 (D.N.J. 1975). In the interest of simplicity, the following recitation suffices for our purposes. A common law action, commenced in state court against Sanchez and his wife, was removed to federal court pursuant to 28 U.S.C. § 2679(d).[1] Plaintiff filed federal complaints naming variously as defendants Sanchez, his insurer the Government Employees Insurance Company, and the United States. In these federal actions, Thomason sought money damages and other relief, essentially under the Federal Tort Claims Act. 28 U.S.C. §§ 1346(b), 2671 et seq.

Reluctantly, the district court granted summary judgment in favor of all three defendants. In its view, the doctrine of *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), barred the action against the United States, while the exclusivity provision of the Federal Drivers

1. Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

Act, 28 U.S.C. § 2679(b),[2] defeated the claims against Sanchez and GEICO. Thomason now challenges, with varying ferocity, each of these conclusions.

## I.

*Feres v. United States* held that "the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159.[3] Injured servicemen were limited to seeking redress through "systems of simple, certain, and uniform compensation for injuries or death of those in armed services." *Ibid.* at 144, 71 S.Ct. at 158 (footnote omitted). In so ruling, the Court distinguished its then one-year-old precedent of *Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200 (1949): "The injury to Brooks did not arise out of or in the course of military duty. Brooks was on furlough, driving along the highway, under compulsion of no orders or duty and on no military mission." 340 U.S. at 146, 71 S.Ct. at 159. In the instant case, the district court found *Feres,* not *Brooks,* applicable:

> The fact that Thomason was in a "present for duty" status and not on any type of leave or pass, as sworn to in an affidavit by Captain James A. Kerchman, Commander of the Medical Company at Fort Dix, brings plaintiff within the ambit of *Feres,* thereby negating the applicability of the FTCA.

398 F.Supp. at 504.

On appeal, Thomason does not urge that there is a genuine issue as to the material fact of his status at the time of the collision. *See* F.R.Civ.P. 56(c). Moreover, he concedes that "it seems that the *Feres* line of decisions is too firmly entrenched to be dislodged at this time." Appellant's Brief at 9. We previously expressed reservations about the continuing validity of the broad *Feres* doctrine. *Peluso v. United States,* 474 F.2d 605 (3d Cir.) (per curiam), *cert. denied,* 414 U.S. 879, 94 S.Ct. 50, 38 L.Ed.2d 124 (1973) (three Justices voting to grant certiorari). Upon reconsideration we reiterate that concern; as we noted there, however, we are powerless to jettison *Feres* or to dislodge it sufficiently to create an exception for vehicular collisions involving servicemen. *See ibid.* at 606.

## II.

Appellant challenges the judgments as to Sanchez and GEICO on several grounds.

First, he asserts that the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e), "operates only to deny plaintiff a *choice* of remedies where there *is* a remedy against the United States." Appellant's Brief at 11. Where, as here, there is no remedy against the United States, the actions against Sanchez and GEICO should be allowed to proceed. This argument has a first-blush appeal. Indeed, the second sentence of 28 U.S.C. § 2679(d), see note 1 *supra,* provides that, if a district court determines that a removed case such as this "is one in which a remedy by suit within the meaning of [28 U.S.C. § 2679(b)[4]] is not available against the United States, the case *shall* be remanded to the State court." (Emphasis added.)

---

2. See note 4 *infra.*

3. *Feres* was actually three cases, consolidated for disposition. Read together, the fact patterns disclose the sweep of the *Feres* doctrine. In *Jefferson v. United States* plaintiff had claimed damages for a negligent abdominal operation after which a towel 30 inches long was found still inside the plaintiff's stomach. *United States v. Griggs* was a wrongful death action alleging negligent and unskillful medical treatment by army surgeons. *Feres* also was a wrongful death action alleging negligence in the quartering of decedent in barracks known or which should have been known to be unsafe due to a defective heating plant.

4. The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

■ The contention, however, is not of first impression. Rather, it has been presented to and rejected by at least three other circuits. *Carr v. United States,* 422 F.2d 1007, 1011 (4th Cir. 1970); *Van Houten v. Ralls,* 411 F.2d 940, 942 (9th Cir.), *cert. denied,* 396 U.S. 962, 90 S.Ct. 436, 24 L.Ed.2d 426 (1969); *Vantrease v. United States,* 400 F.2d 853, 855 (6th Cir. 1968). These courts are unanimous in holding "that within the meaning of the Drivers Act the Tort Claims Act remedy is 'not available' *only* where the government driver was not acting within the scope of his employment. When the Tort Claims Act remedy is not available for any other reason, the remand provision does not apply." [5] *Carr v. United States, supra,* 422 F.2d at 1011. The reason for this rule lies in the exclusivity provision of 28 U.S.C. § 2679(b), the basic purpose of which was to immunize individual government drivers from the heavy financial burdens and personal liabilities associated with operating motor vehicles. A contrary interpretation of the "not available" language in the removal section "would revitalize the common law action. [T]his result would directly contradict the Act's immunizing purpose . . . ." *Ibid.* Moreover, Congress itself has indicated approval of this judicial construction of the exclusivity provision of the Federal Drivers Act.[6] Accordingly, we confidently join ranks with the Fourth, Sixth and Ninth Circuits.

■ In this case, the district court was fully cognizant of its duty to make "an independent determination . . . as to whether Sanchez was acting within the scope of his employment." 398 F.Supp. at 504. The court concluded:

The facts reveal that at the time of the collision Sanchez was operating his own vehicle, returning from procuring change for the use of Annex # 1 of the Non-Commissioned Officers' Club at Fort Dix, N.J., of which he was in charge. This finding is substantiated by affidavit of Sanchez of April 3, 1975 indicating that he was within the scope of his employment.

A verified petition for removal has been executed by Maryanne T. Desmond, Assistant United States Attorney, which certifies that defendant John Sanchez was acting within the scope of his employment at the time of the incident out of which the within suit arose. The concomitant result of this petition is to provide an exclusive remedy against the United States for personal injuries "resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment." 28 U.S.C.A. § 2679(b).

*Ibid.* at 504–05. Defendant's status, therefore, had the effect of limiting *anyone* injured by Sanchez in his official capacity to a lawsuit under the Federal Tort Claims Act.

5. Conceivably, the Federal Tort Claims Act remedy might be barred by a statute of limitations shorter than that prevailing for the common law, state tort action. In such circumstances it would frustrate the immunizing congressional intent behind 28 U.S.C. § 2679(b) to construe 28 U.S.C. § 2679(d) as authorizing a remand to the state court for trial on the merits. *Vantrease v. United States, supra,* 400 F.2d at 855–86 n.2.

6. *See* H.R.Rep. No. 715, 92d Cong., 1st Sess. 16 (1971); S.Rep. No. 776, 92d Cong., 1st Sess. 51 (1971) (proposed amendment to 38 U.S.C. § 4116). Using the Federal Drivers Act as a model, Congress passed legislation immunizing the medical personnel of the Veterans' Administration, 38 U.S.C. § 4116 (1970), *as amended,* (Supp. III, 1973), and the Public Health Service, 42 U.S.C. § 233 (1970). In these two immunity statutes, however, Congress explicitly stated that the remedy supplanting any common law right of action against the individual government employee was not only that provided by the Federal Tort Claims Act but also any compensation or other benefits provided by the United States where the availability of such compensation or benefits precludes a remedy under the Federal Tort Claims Act. *See* 38 U.S.C. § 4116(a); 42 U.S.C. § 233(a). Rather than amend the statutory language of 28 U.S.C. §§ 2679(b) and (d) in the same manner as it amended 38 U.S.C. §§ 4116(a) and (c) in 1973, *see* Pub.L. 93–82, 87 Stat. 193 (1973), Congress apparently has been content to rely on this judicial construction of the Federal Drivers' Act.

There could be no separate action against Sanchez individually or against his insurer. *Plaintiff's* status as a serviceman—which status eliminated the Tort Claims Act remedy—is simply irrelevant to the foregoing.

Moreover, even were we to adopt a different construction of 28 U.S.C. § 2679(d) and order a remand to the state court, we doubt whether the New Jersey courts would be empowered to afford appellant a remedy. "Without exception, the relationship of military personnel to the Government has been governed exclusively by federal law." *Feres v. United States, supra,* 340 U.S. at 146, 71 S.Ct. at 159. We gather, then, that under the Supremacy Clause New Jersey courts would be bound to apply federal law—including both the *Feres* doctrine and 28 U.S.C. § 2679(b).

■ Appellant's second challenge to the judgments in favor of Sanchez and GEICO asserts that "under the Federal Drivers Act, there should be allowed recovery which is actually against a federal employee's personal automobile liability insurance carrier for coverage of his privately-owned vehicle." Appellant's Brief at 11. We reject this contention. The reality is that any judgment against GEICO would affect Sanchez, if only in the form of an increased premium. Moreover, we question the desirability and the practicality of formulating a rule of law dependent upon a factual determination—whether or not insurance is involved in the case—which generally is improper for jury consideration.

■ Appellant's final argument is that the Federal Drivers Act, as applied to him to deprive him of all lawsuit remedies,[7] constitutes a denial of due process. The Fourth Circuit discussed a kindred due process argument at length in *Carr v. United States, supra:*

> Carr next contends that the Drivers Act violates the fifth amendment's due process clause by denying him equal protection. *Bolling v. Sharpe,* 347 U.S. 497,

74 S.Ct. 693, 98 L.Ed. 884 (1954). The deprivation, he argues, results from the fact that abrogation is restricted to accidents which involve motor vehicles. Government employees can sue their co-workers for injuries sustained in any other job-related activity.

The classification which the Drivers Act creates does not penalize the exercise of any constitutional right. As we have held, the right to sue a co-worker does not enjoy constitutional protection. Therefore, the classification need not be justified by "a *compelling* governmental interest." *Shapiro v. Thompson,* 394 U.S. 618, 634, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969) (emphasis in the original). Nor does the Act create a "suspect" classification, see, *e. g., Korematsu v. United States,* 323 U.S. 214, 216, 65 S.Ct. 193, 89 L.Ed. 194 (1944), or involve a "fundamental" interest. See, *e. g., Reynolds v. Sims,* 377 U.S. 533, 561–562, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). Thus, a rigorous standard of review would be inappropriate here. Rather, the statutory classification comes here clothed with a presumption of constitutionality and it "will not be set aside if any state of facts reasonably may be conceived to justify it." *McGowan v. Maryland,* 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961).

The legislative history to which we have already referred makes it clear that Congress was moved by the fact that automobile accident insurance placed such a heavy financial burden on government drivers that it was adversely affecting morale and making it difficult for the government to attract competent drivers into its employ. S.Rep. No. 736, 87th Cong., 1st Sess. (1961), reprinted in 2 U.S. Code Cong. & Admin.News 1961, at p. 2784 (1962). We think that the magnitude of the automobile insurance problem justified Congress's separate treatment

---

**7.** As a result of the injuries Thomason received in the collision with Sanchez, the government represented in its brief, the Veterans Administration determined that Thomason had a 60% service-connected disability for which he will receive $277 a month, subject to changes in his condition. Appellee's Brief of Government at 15.

of this specific problem. Furthermore, as the Supreme Court said in *Silver v. Silver,* 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221, in response to a substantially similar argument:

> [T]here is no constitutional requirement that a regulation, in other respects permissible, must reach every class to which it might be applied—that the legislature must be held rigidly to the choice of regulating all or none. * * * It is enough that the present statute strikes at the evil where it is felt and reaches the class of cases where it most frequently occurs.

280 U.S. at 123–124, 50 S.Ct. at 59.

422 F.2d at 1011–12 (footnote omitted). We adopt this reasoning.

Appellant argues that his case differs materially from Carr's—that he is in a distinct sub-class, that of injured servicemen, upon which the effect of the Federal Drivers Act is not reasonable. Appellant's Brief at 14. We are sympathetic with appellant's position, but not receptive to his argument. It is not the effect of the Federal Drivers Act which renders an unreasonable result. The effect of the Federal Drivers Act— predicated upon *defendant's* status—is to make the Federal Tort Claims Act the exclusive remedy. Rather, it is the effect of the *Feres* doctrine—which turns on *plaintiff's* status—which produces the hardship in this case. And, as we have stated previously, only the Supreme Court can overrule, or modify, *Feres. Peluso v. United States, supra,* 474 F.2d at 606.

The judgments of the district court will be affirmed.