Salvatore SANGEMINIO, Jr., an infant, by his father and natural guardian, Salvatore Sangeminio, Sr., and Salvatore Sangeminio, Sr., Individually, Plaintiffs,

v.

**Jack ZUCKERBERG, Defendant.**

**No. 77 C 1904.**

United States District Court,
E. D. New York.

June 28, 1978.

Sol Zepnick, Zepnick & Director, New York City, for plaintiffs.

David G. Trager, U. S. Atty., E.D.N.Y. by Diane Eisner, Asst. U. S. Atty., Brooklyn, N. Y., for defendant.

## MEMORANDUM ORDER

NEAHER, District Judge.

This is an action to recover damages for personal injuries allegedly sustained by the infant plaintiff, Salvatore Sangeminio, when he was struck, while riding his bicycle, by a motor vehicle owned and operated by the individual defendant, Jack Zuckerberg, an Internal Revenue Officer. The accident occurred on April 25, 1977, and this action was commenced against Zuckerberg in New York State Supreme Court, Kings County, by the service of a summons on August 24, 1977. On September 26, 1977, the action was removed from the State court to this court, pursuant to 28 U.S.C. § 2679(d) of the Federal Drivers Act, following certification by the United States Attorney that at the time of the accident, the defendant "was operating his personal vehicle within the scope of his employment while on official business for the Internal Revenue Service." Removal Pet. (9/26/77), ¶ 3. The United States[1] now moves to dismiss on the grounds that the court is without jurisdiction of the subject matter, and plaintiffs in effect cross-move for an order remanding the action to the New York courts.

---

1. Under 28 U.S.C. § 2679(d) one immediate effect of certification and removal to a district court of a tort action brought against a government employee in State court is to make the United States a party defendant. See *Smith v. Rivest*, 396 F.Supp. 379, 381 (E.D.Wis.1975).

As the Fourth Circuit has observed, the Federal Drivers Act, 28 U.S.C. § 2679(b)–(e), "was enacted to relieve government employees of the burden of personal liability for [motor vehicle] accidents which [occur] on the job . . . ." *Carr v. United States*, 422 F.2d 1007, 1009 (4 Cir. 1970). See *Garrett v. Jeffcoat*, 483 F.2d 590 (4 Cir. 1973); *Henderson v. United States*, 429 F.2d 588 (10 Cir. 1970); *Smith v. Rivest*, 396 F.Supp. 379 (E.D.Wis.1975); *Binn v. United States*, 389 F.Supp. 988 (E.D.Wis.1975); S.Rep.No. 736, 87th Cong., 1st Sess., *reprinted in* 1961 U.S.Code Cong. & Admin.News p. 2784. The operative provision of the Act is § 2679(b), as amended in 1966, which provides as follows:

"The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall . . . be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

Although its language may be ungainly, the effect of this provision is rather precise: it serves to immunize the government driver from personal liability for his tortious on-the-job operation of a motor vehicle, remitting the prospective plaintiff to whatever remedy he may have against the United States under the Federal Tort Claims Act.[2] See *Thomason v. Sanchez*, 539 F.2d 955, 958–59 (3 Cir. 1976); *Seiden v. United States*, 537 F.2d 867 (6 Cir. 1976); *Garrett v. Jeffcoat, supra*.

Where, as here, suit against a federal employee driver is commenced in a State court, § 2679(d) provides that "[u]pon certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose," the action is to be removed to the district court for the district in which the action is pending, and is to be deemed a Federal Tort Claims Act proceeding against the United States. Such certification does not, however, conclusively establish the individual defendant's immunity from, or the government's amenability to, suit. Upon motion by plaintiff to remand, the district court must make an independent determination of whether at the time of the incident the government driver was acting within the scope of his federal employment. See § 2679(d), second sent.;[3] *Thomason v. Sanchez, supra*, 539 F.2d at 958; *Seiden v. United States, supra*, 537 F.2d at 870; *Cordaro v. Lusardi*, 354 F.Supp. 1147, 1148 (S.D.N.Y.1973). Conversely, the failure (or even refusal) of the Attorney General to supply an appropriate certification will not preclude a defendant driver from invoking the personal immunity of the Federal Driv-

---

**2.** Under the Federal Tort Claims Act, the liability of the United States for the torts of its employees is generally governed by the substantive law of the State in which the tortious conduct occurred. See 28 U.S.C. §§ 1346(b), 2672 and 2674; *Donham v. United States*, 536 F.2d 765, 768–69 (8 Cir. 1976); *Cordaro v. Lusardi*, 354 F.Supp. 1147, 1150 (S.D.N.Y. 1973).

**3.** The second sentence of § 2679(d) provides: "Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of [§ 2679(b)] is not available against the United States, the case shall be remanded to the State court." Although the language of the statute is susceptible of several constructions, the federal courts have uniformly held that remand turns not on whether there is currently available to plaintiff a Federal Tort Claims Act remedy against the United States, but on whether the employee defendant can claim the immunity from personal liability conferred by § 2679(b). See *Thomason v. Sanchez*, 539 F.2d 955, 957–59 (3 Cir. 1976); *Carr v. United States*, 422 F.2d 1007, 1011 (4 Cir. 1970); *Van Houten v. Ralls*, 411 F.2d 940, 942 (9 Cir. 1969); *Vantrease v. United States*, 400 F.2d 853, 855 (6 Cir. 1968); *Binn v. United States*, 389 F.Supp. 988, 993 (E.D. Wis.1975). Hence, remand to the State courts is appropriate only if it is determined that the defendant employee was not operating a motor vehicle within the scope of his federal employment at the time of the accident which gives rise to the action.

ers Act in defense of such an action. See *Seiden v. United States, supra*, 537 F.2d at 869–70; *Lemley v. Mitchell*, 304 F.Supp. 1271, 1273 (D.D.C.1969).

■ As noted above, once it is determined that a suit falls within the exclusivity provisions of the Federal Drivers Act, the plaintiff may pursue his remedy solely against the United States, and then only in accordance with the terms of the Federal Tort Claims Act. Pursuant to 28 U.S.C. § 2675(a) of the Tort Claims Act, the filing of an administrative claim is a prerequisite to suit against the United States based on the tortious conduct of a federal employee:

"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ."

Moreover, a tort claim against the United States is barred unless it is presented to the proper agency within two years of its accrual and suit is commenced within six months of notice of its denial by the agency. 28 U.S.C. § 2401(b). These conditions precedent and periods of limitation are jurisdic-

tional, and operate to preclude a court from entertaining tort actions against the government which are untimely or prematurely brought. See *Childers v. United States*, 442 F.2d 1299, 1303 (5 Cir.), *cert. denied*, 404 U.S. 857, 92 S.Ct. 104, 30 L.Ed.2d 99 (1971); *Smith v. Randall*, 393 F.Supp. 1320 (D.Md.1974); *Binn v. United States, supra*, 389 F.Supp. at 991; *Driggers v. United States*, 309 F.Supp. 1377, 1379 (D.S.C.1970).

■ Relying on the Attorney General's certification,[4] the United States moves, pursuant to Rule 12(b)(1), F.R.Civ.P., for an order dismissing this action, on the grounds that it is a tort action against the United States and plaintiffs have never filed an administrative claim for the damages they seek.[5] Plaintiffs apparently concede that no administrative claim has been filed, but dispute the government's conclusion that the individual defendant was, at the time of the accident, acting within the scope of his federal employment, and ask the court to permit the action to proceed in the State court.[6]

Treating plaintiffs' request as a motion to remand pursuant to 28 U.S.C. § 2679(d), see *Binn v. United States, supra*, 389 F.Supp. at 993, the court is of opinion that there exists a factual issue which cannot be resolved on the present record. Accordingly, the government's motion to dismiss and the plaintiffs' cross-motion to remand are

---

4. The government has in addition supplied the affidavit of Claude Forbes, Mr. Zuckerberg's superior, who avers that it is his "conclusion" that at the time of the accident Zuckerberg was acting within the scope of his employment with the Internal Revenue Service. Forbes Aff. (9/21/77), ¶ 4.

5. As the government has noted in its memorandum, plaintiffs may still file a timely administrative claim with the Internal Revenue Service, as the two-year limitation period of 28 U.S.C. § 2401(b) will not run until April 1979. Hence, the government asks that any order dismissing this action be without prejudice to plaintiffs' right to reinstitute suit against the United States after administrative remedies have been exhausted.

6. Plaintiffs also argue that inasmuch as the individual defendant "was operating his own personal car and was covered by no-fault insur-

ance," "[t]he defense of this action by the no-fault insurance carrier will not prejudice any of the parties." Plaintiffs' Aff. in Opposition (11/2/77), at 2–3. A similar argument, was rejected by the Third Circuit in *Thomason v. Sanchez, supra*, partly on the grounds that to allow recovery against the government employee will indeed affect him, "if only in the form of an increased insurance premium." 539 F.2d at 959. Hence, to recognize an exception based on the driver's liability insurance coverage not only would contravene the express provisions of the Federal Drivers Act but also would be inconsistent with the concerns that prompted its enactment. See *id.* at 959–60; S.Rep.No. 736, 87th Cong., 1st Sess., *reprinted in* 1961 U.S.Code Cong. & Admin.News pp. 2784, 2789–93 (GSA Communication, dated 1/9/61).

referred to the United States Magistrates pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of taking additional evidence and reporting to the court proposed findings of fact with respect to the issue of whether the individual defendant was operating a motor vehicle within the scope of his employment as an Internal Revenue Officer at the time of the accident from which this action arises.

SO ORDERED.