**Edwin MILLER and Donna Miller, etc., et al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. N79–5C.**

United States District Court, E. D. Missouri, N. D.

Sept. 17, 1979.

William O. Green, Memphis, Mo., for plaintiffs.

Joseph B. Moore, Asst. U. S. Atty., St. Louis, Mo., for defendant.

MEMORANDUM

NANGLE, District Judge.

This case is now before the Court on defendant's motion for summary judgment. This action was brought pursuant to the

Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.*, by the parents of a serviceman who was killed on his assigned duty station. The facts are not in dispute; the only issue is whether this suit is barred by *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and its progeny.

■ Affidavits have been submitted by both sides which lay out the essential facts. At the time of his death, plaintiffs' decedent was on active duty in the United States Army and was assigned to the 47th Engineer Company, located at Fort Wainwright, Alaska. After his normal duty on the day in question, the decedent proceeded to the government owned family quarters on the base. He was employed part-time by a private contractor to install siding on these quarters. While working there, he was fatally electrocuted when an aluminum ladder he was carrying came in contact with a power line. At the time of the accident, decedent was not on leave nor on pass, and could have been called to perform military duties.

Plaintiffs stress that their son was under the supervision and control of the private contractor as to the duties he was performing at the time of his death. Even so, *Feres* bars this suit. In *Feres*, supra, the Supreme Court held, at 146, 71 S.Ct. at 159, that:

> . . . the Government is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of order in the course of activity incident to service. . . .

■ The fact that the decedent was not performing service-related duties at the time of the accident is irrelevant. In *Hass, United States v. United States*, 518 F.2d 1138 (4th Cir. 1975), the plaintiff had been riding a horse at an on-base recreational facility at the time of his accident. Similarly, in *Chambers v. United States*, 357 F.2d 224 (8th Cir. 1966), the decedent had been swimming in a base pool, and in *Thomason v. Sanchez*, 539 F.2d 955 (3rd Cir. 1976), the plaintiff had been riding his motorcycle on the base.

The important factors are that at the time of the accident, the decedent was on the base, was not on leave or furlough, and was subject to call for military duties at any time. Under these circumstances, *Feres* bars this suit. *Hass*, supra. Therefore, defendant's motion for summary judgment will be granted and this case will be dismissed.