Josephine **PASCARELLA**

v.

**UNITED STATES of America.**

**Civ. No. N–83–333 (PCD).**

United States District Court, D. Connecticut.

March 21, 1984.

Jonathan Katz, New Haven, Conn., for plaintiff.

Kurt Zimmerman, Asst. U.S. Atty., New Haven, Conn., for defendant.

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

DORSEY, District Judge.

On June 20, 1983, plaintiff, Josephine Pascarella, filed this action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq.*, seeking damages for personal injuries she allegedly suffered on June 23, 1978, as the result of the negligence of the defendant's agency, the United States General Services Administration (GSA). For the reasons set forth below, the court grants the government's motion for summary judgment on grounds that the plaintiff's claim is barred by the statute of limitations.

### Facts

The material facts before the court on this motion are not genuinely in dispute. On June 23, 1978, plaintiff allegedly slipped and fell on a New Haven sidewalk, part of or appurtenant to, a worksite on which the government, through the GSA, was constructing a building or buildings. Alleging defendant's negligence, plaintiff, on June 20, 1980, properly presented a timely administrative claim to GSA. Final denial of the claim was sent by certified mail, return receipt requested, to plaintiff's attorneys on September 17, 1980. The receipt was signed on September 22, 1980, by an employee of plaintiff's attorneys. According to the affidavit of plaintiff's counsel, the denial was not brought to his attention, so that he—and presumably, in turn, his client, the plaintiff—were and remained unaware of the denial of the administrative claim as of the commencement of this action on June 20, 1983, two years and nine months after the denial.

### Discussion

Suits can be maintained against the United States only by its permission and in the manner prescribed by Congress and subject to the restrictions—including statutes of limitations—it imposes. *Szyka v. United States Secretary of Defense*, 525 F.2d 62 (2d Cir.1975). The FTCA is an instance of such a waiver of sovereign immunity, the terms and limitations of which must be strictly construed and applied. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

The applicable statute of limitations, 28 U.S.C. § 2401(b), provides:

*A tort claim against the United States shall be forever barred* unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or *unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.* (Emphasis added).

This section must be strictly construed and is not to be extended by implication or by equitable considerations. *Childers v. United States*, 442 F.2d 1299 (5th Cir.1971). The government's motion asserts that this action is time-barred inasmuch as it was begun long after the six-month period which commenced with the mailing of the final denial of plaintiff's administrative claim. Plaintiff suggests no genuine issue of fact such as the date her claim accrued, *cf. Exnicious v. United States*, 563 F.2d 418 (10th Cir.1977), nor the finality of the

denial mailed on September 20, 1980, *cf. Stever-Wolford, Inc. v. United States,* 198 F.Supp. 166 (E.D.Pa.1961), nor the conformity of the mode and date of mailing with the statute's requirements.

■ Instead, plaintiff purports to assert a dispute as to whether her counsel received notice of denial of the claim. Such an assertion is insufficient to prevent the entry of summary judgment. It is clear the notice was issued, mailed and received at the office of counsel. The fact of a proper denial as mandated by statute cannot be deemed to be genuinely in dispute. Notwithstanding the claim of error in the office of plaintiff's attorney, the plaintiff authorized the attorney to act for her, including the receiving of communications for her. As evidenced by the receipt, the notice was delivered to one authorized to receive mail addressed to the office address of the attorney. That it did not come to his attention within the statutory six-month period in which to file suit suggests a deficiency in the office of counsel, which is not explained in the record but which is not material to the government's compliance with the statute. It has given notice of the denial as required. In fact, the receipt of the notice by the attorney's employee is binding on him. Actual receipt of the notice by the attorney is not required by the statute. An action against the United States must be begun within six months after the *mailing* of the notice of final denial. This period began on September 20, 1980, the date of the mailing, not the date on which the claimant, or her legal representative, *Claremont Aircraft, Inc. v. United States,* 420 F.2d 896 (9th Cir.1970), received notice of the final denial of the claim. *Carr v. Veterans Administration,* 522 F.2d 1355 (5th Cir.1975).

Additionally, even assuming the denial letter must be received by the addressee to be effective, and not merely mailed, sufficient receipt and notice is a fact as proven by the acknowledgment of its receipt by the employee of plaintiff's counsel. *Childers,* 442 F.2d 1299.

■ The equitable relaxation of the six-month period for the filing of this FTCA action for which plaintiff contends is therefore wholly unwarranted factually and is not justified by any authority. The conditions precedent and periods of limitation for FTCA suits are jurisdictional in nature. They preclude the court from entertaining tort actions against the government which are untimely filed. *Sangeminio v. Zuckerberg,* 454 F.Supp. 206 (E.D.N.Y.1978). The court is without authority to extend the waiver of immunity explicitly set forth in the FTCA. As plaintiff has failed to bring suit within six months of the mailing of the final denial of her administrative claim, there being no genuine issue of material fact, and the government being entitled to judgment as a matter of law, judgment shall enter dismissing this action as time-barred.

SO ORDERED.