**PEOPLE OF the STATE OF ILLINOIS ex rel. William J. SCOTT, Attorney General of the State of Illinois, Plaintiff,**

v.

**Martin HOFFMAN, Secretary of the Department of the Army of the United States, et al., Defendants.**

**No. P–CIV–76–45.**

United States District Court, S. D. Illinois, N. D.

Jan. 6, 1977.

Joseph V. Karaganis, Chicago, Ill., for plaintiff.

James D. Reynolds, Peoria, Ill., J. Peter Ault, Arthur N. Christie, Sp. Asst. State's Atty., Pekin, Ill., Lyle W. Allen, Peoria, Ill., Donald B. Mackay, U.S. Atty., Springfield, Ill., Fred R. Disheroon, Atty., Dept. of Justice, Washington, D. C., Robert D. Jackson, Peoria, Ill., for defendants.

## DECISION AND ORDER ON MOTIONS

### ROBERT D. MORGAN, Chief Judge.

This suit was instituted by the Attorney General of Illinois, on behalf of the People of the State, for injunctive and other relief, to compel the restoration to its natural course of the Mackinaw River.

The defendants are:

1. Martin Hoffman, Secretary of the Army of the United States.

2. The United States Army Corps of Engineers (herein the Corps) and its agents and employees, to-wit: Lt. General William C. Gribble, Chief of Engineers; General Robert Moore, Commandant of the North Central Division of the Corps; Colonel James M. Miller, Commandant of the Chicago District of the Corps; and Angelo Zerbonia, Project Officer for the Peoria Project Office of the Corps.

3. Tazewell County, Illinois, landowners Henry Horn, Jr., B. Knachstedt, Walter Fuelberth, Everett Garman, Warren Hall and Mable Oberle.

4. Contractors William Hellemann and Roecker Bros., Inc.

5. The County of Tazewell, Illinois, a corporate body politic, and Edwin Mitchell, Superintendent of the Tazewell County Highway Department.

6. Russell E. Train, as Administrator of the United States Environmental Protection Agency.

The complaint arises from the following, somewhat involved, background. Statements made in this context are allegations of the complaint, and the same are not to be construed as proven or uncontested facts.

The Mackinaw River, a navigable water of the United States, empties into the Illinois River in Tazewell County, near the City of Peoria, Illinois. In its natural state, the Mackinaw provided the habitat and environment for more than 100 species of fresh water fish and other aquatic species.

In May, 1973, defendant Horn, on behalf of the other landowners, requested the Corps to repair and restore two levees which bordered the opposing banks of the Mackinaw between miles 4 and 8 thereof. In July, 1973, defendant Zerbonia, acting as project engineer for the Corps, proposed that the Corps dam the natural channel, construct an artificial channel, and relocate the two levees. Thereafter, the landowners, defendant Mitchell, on behalf of Tazewell County, and Zerbonia agreed to jointly pursue that proposed plan, and further agreed that the cost of the proposed project be shared between the owners, Tazewell County and the Corps.

Pursuant to that agreement, defendants Hellemann and Roecker were employed by the aforesaid defendants for the proposed project. Between the summer of 1974 and the spring of 1975, one bow of the natural channel was dammed, a second bow of the channel was filled, and a new, straight channel was constructed between miles 4 and 8. The damming, filling and channelization destroyed substantial areas of fishing habitat and extensive feeding and spawning areas for aquatic life. The construction of levees along the new channel, in conjunction with the straightening and configuration of the channel itself, had the effect of increasing flood hazards for landowners both upstream and downstream from the affected area.

The theory of the complaint is that the premises reflect the violations of divers federal statutes which are redressable by an injunction to compel restoration of the Mackinaw to its natural channel. The several counts are directed to specific, alleged statutory violations.

Count I is based upon the provisions of 33 U.S.C. § 401, which prohibits the construction of a dam in any navigable water without the express consent of the Congress of the United States and the approval of the Chief of Engineers of the Corps.

Count II is based upon the provisions of 33 U.S.C. § 403, which prohibits the obstruction of any navigable water which is not expressly authorized by Congress, or the alteration of the course of any stream, unless such action is recommended by the Corps and approved by the Secretary of the Army in advance of such alteration.

Count III is based upon the provisions of 33 U.S.C. § 407, which prohibits the deposit of any refuse in a navigable stream without first having obtained a permit from the Secretary of the Army.

Count IV is based upon the provisions of 33 U.S.C. § 565, which prohibits any improvement in a navigable stream without the express prior approval of the Secretary of the Army and the Corps, and without the continuing control of the Secretary and the Corps of such construction.

Count V is based upon the provisions of 33 U.S.C. § 1311, which prohibits the discharge of any pollutant into a navigable stream unless a permit be first obtained from the Secretary of the Army after a hearing upon the issue.

Count VI alleges that the work here was done pursuant to 33 U.S.C. § 701n and governed by Corps regulation 500–1–1, which prohibits the use of federal funds for any project where a state permit is required and the same has not first been obtained. That count further alleges that such a permit was required by the premises and that the Corps and its responsible agents knew that no such permit had been issued by the State of Illinois.

Count VII is based upon the provisions of 16 U.S.C. § 662, which provides that whenever the waters of any stream are proposed to be diverted, or otherwise modified by any federal agency, or by other public or private persons under a federal permit, such agency, body or person shall consult with the United States Fish and Wildlife Service of the Department of the Interior and with the head of any appropriate state agency, to prevent the loss or damage of any wildlife resources as a result of such project.

Count VIII is based upon the provisions of the National Environmental Policy Act, 42 U.S.C. § 4321 *et seq.*, which requires every federal agency to comply with the environmental impact requirements of the Act in the construction of any federal project which has a significant effect upon the environment.

Each, Counts I through VIII, prays that all defendants except defendant Train, or in certain instances the federal defendants, be compelled by a mandatory injunction to remove the illegally constructed dams, fill, and other structures from the river, and that they restore the river banks and channel to their natural contour and condition.

Only Count IX relates to defendant Train. That count alleges that Train is required by 33 U.S.C. § 1319 to bring an enforcement action against any violator of 33 U.S.C. § 1311; that Train has been notified by the United States Fish and Wildlife Service that the other defendants to this cause had violated § 1311, and that despite such notification, he has refused to enforce the Act against such violations; that 33 U.S.C. § 1365 permits any citizen to file an action to enforce the Act, including the imposition of civil penalties under 33 U.S.C. § 1319(d), and that requisite statutory notices have been given to all of the defendants. That count prays a declaration that Train has failed to perform his duties, and a judgment ordering train to initiate appropriate enforcement action. It further prays the assessment of a civil penalty pursuant to section 1311 against all defendants, except Train, for the illegal discharge of pollutants into the river.

Several motions are now pending.

### I. Motion of Federal Defendants for Summary Judgment.

The federal defendants have filed a joint motion for summary judgment for the asserted reason that they, and each of them,

are entitled to judgment as a matter of law. That motion is supported by the affidavits of Colonel Andrew C. Remson, Jr., District Engineer for the Corps, and Angelo M. Zerbonia, Area Engineer for the Corps at Peoria, and by certain exhibit evidence.

The crux of their argument, that there remains no genuine issue as to any material fact, rests upon the statements that the Corps did not deem the river to be a navigable stream and that the federal defendants were not parties to any activities performed in the Mackinaw River. They assert that they only participated in the restoration and setback of existing levees along the river.

The first of those statements avoids the crucial allegation of the complaint that the Mackinaw is historically a navigable water of the United States. This court deems that allegation to point up the critical factual issue. Although the Corps' position may have a bearing upon final resolution of the issue it cannot be deemed dispositive of it in the present status of this suit.

The affidavits and certain documentary exhibits do support the statement that the federal defendants did not participate in the rechanneling project. They do not, however, fully meet the complaint, and the statements contained therein are to some degree refuted by other evidentiary facts apparent in the cause. It is not disputed that Mr. Zerbonia was a party to certain meetings and discussions with the landowners and representatives of the County, which culminated in the employment of Roecker and Hellemann for the construction of the total project. It further appears that rechannelization was one of four alternative solutions proposed by Mr. Zerbonia shortly following a request by the owners that the Corps repair flood-damaged levees. The construction proceeded as a total project, and there yet remain some gray areas related to the factual problem of sorting out the respective responsibilities assumed and undertaken by the several parties.

■ All doubts must be resolved in favor of the complaint. Patently, there re-

main genuine issues as to material facts to be resolved. Summary judgment upon the factual contention is thus inappropriate.

■ These defendants' legal argument, asserting that the suit is barred by the doctrine of sovereign immunity, is now rendered moot by virtue of the provisions of S. 800, adopted by Congress on October 1, 1976, and approved by the President in middle October, amending Section 702 of the Administrative Procedure Act, which contains a waiver of sovereign immunity as against any person aggrieved by action of any federal agency.

■ These defendants do not challenge jurisdiction. What they do contend is that a suit by a private party will not lie to redress a violation of the Rivers and Harbors Act, the Federal Water Pollution Control Act, the Fish and Wildlife Coordination Act, or the National Environmental Policy Act. The overriding principle related to each of those claims is the Administrative Procedure Act. 5 U.S.C. § 701 *et seq.* As the United States Court of Appeals for the Seventh Circuit has recently held, the APA provides to every aggrieved person a right to obtain a review of federal agency actions unless review is expressly excluded by statute or the applicable statute commits an absolute discretion to the agency involved. *Sanders v. Weinberger,* 522 F.2d 1167, 1169–1170 (7th Cir. 1975). Specific arguments are approached in the light of that principle.

A. *The Rivers and Harbors Argument.* These defendants espouse the position that the Act expressly provides the remedies to redress violations, 33 U.S.C. §§ 406, 413; and actions based upon alleged violations may only be brought by the United States Department of Justice.

Although the reported precedents are not wholly consistent, the persuasive precedents support the right of a person injured or aggrieved by a violation of the Act by a federal agency to prosecute a suit for redress of that injury or grievance. *Citizens Committee for Hudson Valley v. Volpe,* 425 F.2d 97, 101–102 (2d Cir. 1970), *cert. denied,*

400 U.S. 949, 91 S.Ct. 237, 27 L.Ed.2d 256; *Alameda Conservation Association v. State of California*, 437 F.2d 1087 (9th Cir. 1971), cert. denied, 402 U.S. 908, 91 S.Ct. 1380, 28 L.Ed.2d 649; *Potomac River Ass'n v. Lundeberg Md. Sea. School, Inc.*, 402 F.Supp. 344, 354–358 (D.Md.1975); *Sierra Club v. Morton* 400 F.Supp. 610, 622–625(N.D.Cal.1975); *Natural Resources Defense Council, Inc. v. Grant*, 355 F.Supp. 280, 290 (E.D.N.C.1973); *Sierra Club v. Leslie Salt Co.*, 354 F.Supp. 1099, 1104 (N.D. Cal.1972).

It is said in *Grant* that the right of a private party to sue is reinforced by allegations that a federal agency has violated the Act because the Attorney General represents the agency and is thus in no position to enforce the Act. *Supra*, 355 F.Supp. at 290.

■ These defendants place their reliance upon wholly inapposite decisional precedents. A first category of such cases holds that a private party may not prosecute a civil suit against a private party to impose a criminal penalty under the provisions of the Act, or a suit to enjoin criminal violations. *Jacklovich v. Interlake, Inc.*, 458 F.2d 923 (7th Cir. 1972); *Connecticut Action Now Inc. v. Roberts Plating Company*, 457 F.2d 81 (2d Cir. 1972); *Bass Anglers Sportsman's Soc. v. Scholze Tannery, Inc.*, 329 F.Supp. 339 (E.D.Tenn.1971); *Bass Angler Sportsman Soc. v. United States Steel Corp.*, 324 F.Supp. 412 (D.Ala.1971); *Durning v. ITT Rayonier Incorporated*, 325 F.Supp. 446 (W.D.Wash.1970). In such cases only the Attorney General is held to possess the power of criminal prosecution. In *Roberts*, the court aptly distinguished that situation from cases seeking review of administrative action taken by federal agencies. *Supra*, 457 F.2d at 89.

In the same context, these defendants quote language from the opinion in *Red Star Towing & Transp. Co. v. Department of Transp. of N. J.*, 423 F.2d 104, 105 (3d Cir. 1970), to the effect that the Act does not create any civil cause of action in favor of private parties. That language must be read in the light of the single issue with which the court was there concerned. In a suit for damages for alleged negligent injury, it was contended that the State of New Jersey had implicitly waived its right to invoke the defense of sovereign immunity by its action in applying for, and obtaining, a permit from the Corps of Engineers to construct a bridge over a navigable river. The quoted language appears in the context of the court's determination that the right had not been waived.

Certain of the decisions which have sustained the right of private persons to maintain suits under the Act have limited that right to persons who are directly affected by the action of which complaint is made, as contrasted to groups and organizations whose only object is the assertion of the general public interest in environmental quality. *E.g., Alameda Conservation Ass'n v. State of California, supra. Compare, e.g., Citizens Committee for Hudson Valley v. Volpe, supra; Sierra Club v. Morton, supra.*

■ If such an inquiry is in fact a matter for consideration, it cannot be questioned that the State of Illinois does possess an immediate and direct interest in the protection and preservation of environmental quality within its borders.

■ B. *Federal Water Pollution Control Act Argument.* These defendants argue that the FWPCA clothes the Administrator with discretion to enforce, or not enforce, the Act at his option. They thus assert that a private right of action may not be maintained under the Act.

In this context, the complaint alleges, and it otherwise appears, that agents of both the United States Fish and Wildlife Service and the Illinois Department of Conservation did inspect the Mackinaw project in early 1975, and that the Wildlife Service thereafter reported to defendant Train that there was a violation of the FWPCA. It further appears that an investigator for the Administrator later inspected the area and reported the fact of apparent violations. The complaint alleges that Train took no action to enforce compliance with the Act,

and that this action appropriately lies under 33 U.S.C. § 1365 to compel Train to enforce the Act and to subject the other federal defendants to civil penalties provided by the Act.

Although the question is not entirely free from doubt, the court is convinced that the motion should be denied. The Act provides that the Administrator "shall" take appropriate enforcement action when a violation exists. 33 U.S.C. § 1319. *United States v. Phelps Dodge Corp.*, 391 F.Supp. 1181, 1182, 1185 (D.Ariz.1975), stands for the proposition that this provision is mandatory. Whenever a violation is directed to the attention of the Administrator, he is directed either to issue an abatement order, which is ultimately enforcible by a criminal prosecution, or to institute a civil suit for enforcement. Under the somewhat analogous provisions of the Clean Air Act, 42 U.S.C. § 1857h *et seq.*, the courts have held that the statutory requirement of notice is mandatory and that a civil suit will lie to compel the Administrator to act. *Commonwealth of Kentucky ex rel. Hancock v. Ruckelshaus*, 497 F.2d 1172, 1177 (6th Cir. 1974); *Wisconsin's Environmental Decade, Inc. v. Wisconsin Power & Light Co.*, 395 F.Supp. 313, 317–318, 320 (W.D.Wis.1975).

The Act must be construed as mandating appropriate action by the Administrator, and a civil action will lie against the Administrator to compel him to act in a proper case.

It is interesting to note that these defendants do, in this context of their motion, assert a position which must be deemed a reversal of their contention that the federal defendants were not involved in the damming, filling and rechannelization project. Thus, they assert that enforcement procedures cannot be mandated under the Act "if the discharge" of pollutants "was part of a federal project." The court attaches no particular significance to the apparent conflict in positions taken, but that factor does fortify the conclusion that summary judgment is inappropriate.

■  C. *The Fish and Wildlife Coordination Act and the National Environmental Policy Act Arguments.*  These defendants' arguments directed against the NEPA, 42 U.S.C. § 4332, and the F & WCA, 16 U.S.C. § 662, counts are predicated upon their reassertion of the position that the federal defendants did not participate in the accused actions. Since it appears that there does exist a genuine issue of fact as to federal participation, summary judgment upon these counts is not warranted.

*II. The Motions to Dismiss*

Separate motions to dismiss the complaint have been filed by the landowner defendants, the Tazewell County defendants, Hellemann and Roecker. Such motions are discussed generically, with the exception of contentions which are unique to a single defendant or class of defendants.

The above discussion of the federal defendants' motion is adequate to dispose of the contention that the complaint must be dismissed because the State has no standing to prosecute the action, and the further contention that the complaint must fall because the Mackinaw is not a navigable water. The question of navigability in this context is a question of fact which must abide proceedings further down the line.

■  There is no merit to the contention that the complaint must be dismissed, or that the court should abstain from exercising jurisdiction because of the pendency of a related cause in an Illinois court. There is now pending in the Circuit Court of the Tenth Judicial Circuit of Illinois, in Tazewell County, a complaint filed by defendant Horn for review of an order of the Illinois Department of Transportation, which, *inter alia*, directed the restoration of the Mackinaw River to its original channel. *Horn v. State of Illinois Department of Transportation*, Docket No. 75–Z–1192. Patently, that suit could not resolve any issue presented by this complaint because the federal questions are not before the State court. Also, only the plaintiff and Horn are parties to that litigation. This ground of the motions must, therefore, be rejected. *McGough v. First Arlington National Bank*, 519 F.2d 552 (7th Cir. 1975).

To the extent that the motion of the landowner defendants is predicated upon the provisions of F.R.Civ.P. 19, the motion must be denied. In that context they state that there are "a large number" of other possible defendants, the same being other landowners "known both to Plaintiff and to these Defendants," who should properly be joined as parties. In the absence of identification of such other proper defendants, and of any showing that any such persons are indispensable parties, this aspect of the motion is patently frivolous.

Equally frivolous is the contention of the Tazewell County defendants that the court has no jurisdiction because a political subdivision of a state is not among the several categories of persons enumerated in Article III, Section 2, of the Constitution of the United States to define the scope of federal jurisdiction. That contention conveniently ignores the fact that the federal courts have jurisdiction over all causes arising under the laws of the United States, irrespective of the character of the parties to such litigation.

Finally, there is no reason to catalogue precisely the parallel, scattergun contentions of Hellemann and Roecker against this complaint. The position of each is properly categorized as the contention that he is immunized from liability by reason of the fact that he was only a contractor on the project. Thus they assert that persons other than themselves were responsible for the project and for compliance with the requirements of applicable federal statutes. They further assert that all of their participation in the project was done pursuant to directions to them by the Corps. It is readily apparent that such contentions were procedurally misplaced in the normal scheme of litigation. Their contentions may conceivably rise to the stature of sustainable affirmative defenses, but they have no bearing upon the sufficiency of the complaint.

For the reasons stated, IT IS ORDERED that the motion of the federal defendants for summary judgment and the motions of the other defendants to dismiss the complaint are severally DENIED.

IT IS FURTHER ORDERED that the defendants respectively file their Answers within twenty (20) days.