**N.T. "Brother" GREENE and Other Citizens Similarly Situated, Plaintiffs,**

v.

**Douglas M. COSTLE, Administrator, United States Environmental Protection Agency, et al., Defendants.**

No. 80–2630 H.

United States District Court, W.D. Tennessee, W.D.

Oct. 31, 1983.

Frank Deale, New York City, for plaintiffs.

Carl Strass, Washington, D.C., for defendants.

## ORDER DENYING MOTION TO DISMISS

HORTON, District Judge.

N.T. Greene instituted this lawsuit pro se on behalf of himself and as spokesman for the Cypress Health And Safety Committee to compel the Environmental Protection Agency (EPA) to enforce the Federal Water Pollution Control Act, as amended by the Clean Water Act of 1977, 33 U.S.C. § 1251, *et seq.* The complaint was filed on November 10, 1980. Mr. Greene seeks an order directing the EPA Administrator to show cause why the EPA has not enforced the Clean Water Act; a writ of mandamus pursuant to 28 U.S.C. § 1361 requiring the EPA to enforce the Clean Water Act immediately; a declaratory judgment that the failure of defendants to enforce the Clean Water Act is violative of plaintiffs' rights under the Act; such other and further relief as the Court deems proper; and an award of costs and attorney's fees incurred in the prosecution of this lawsuit.

On January 12, 1981, EPA moved to dismiss the complaint pursuant to F.R.C.P. 12(b)(1), lack of subject matter jurisdiction, and 12(b)(6), failure to state a claim upon which relief can be granted.

March 19, 1981, Greene, having secured counsel, filed an amended complaint. The amended complaint did not adduce additional factual allegations. Therein Greene substituted the name of the U.S. Attorney General as a party defendant and requested that the writ of mandamus direct defendants to issue a compliance order pursuant to § 309 of the Clean Water Act, 33 U.S.C. § 1319.

April 3, 1981, EPA filed an amendment to its motion to dismiss asking the Court to dismiss the amended complaint upon the same grounds as it had motioned for dismissal of the original complaint.

After a thorough consideration of the record and oral arguments, the Court denies both motions to dismiss upon the following reasons.

*Federal Rule 12(b)(1)*

Greene asserts that jurisdiction of this action is conferred upon this Court under five statutes. Since EPA has made a blanket assertion that subject matter jurisdiction does not exist under any of these statutes, the Court will address each one.

### (a) The Citizen Suit Provision

First, Greene contends that this Court has jurisdiction of this lawsuit under § 505 of the Clean Water Act, 33 U.S.C. § 1365(a)(2). That section provides in pertinent part:

(a) Except as provided in subsection (b) of this section, any citizen may commence a civil action on his own behalf—

(2) against the administrator *where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary* with the Administrator. (emphasis added)

The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, ... or to order the Administrator to perform such act or duty ...

The question presented under this provision, then, is whether Greene has alleged a failure to perform an act or duty which is imposed by this chapter and is nondiscretionary; for if he has, then it is clear this Court has jurisdiction of this cause under § 1365(a)(2).

Greene alleged that the Administrator's duty is imposed by 33 U.S.C. § 1319(a)(3) and § 1319(b), which duty is to enforce 33 U.S.C. § 1311.

Section 1319(a)(3) provides in pertinent part:

(3) Whenever on the basis of any information available to him the Administrator finds that any person is in violation of [§] 1311, ... of this title, ... he shall issue an order requiring such person to comply with such section ... or he shall

bring a civil action in accordance with subsection (b) of this section.

Section 1319(b) then provides:

The Administrator is authorized to commence a civil action for appropriate relief, ... for any violation for which he is authorized to issue a compliance order under subsection (a) of this section. Any action under this subsection may be brought in the district court ... and such court shall have jurisdiction to restrain such violation and to require compliance ...

EPA construes the statutory duty of enforcement imposed by § 1319 as discretionary, not mandatory, and therefore argues that no suit can be maintained to mandate issuance of a compliance order. However, statutory construction is the domain of the courts.

In support of its contention that the duty is discretionary EPA argues that the "either ... or" language of § 309(a)(3) affords discretion to EPA by giving EPA the ability to select from among two options, and that the "shall" language which precedes the "either ... or" language does not make the agency's duty mandatory. It is the conclusion of this Court that the duty is mandatory and that the only discretion imbued is the discretion to choose the *method* of enforcement, not the *decision* whether to enforce. EPA cites as authority the only Sixth Circuit case approaching the issue, *Seiden v. U.S.*, 537 F.2d 867 (6th Cir. 1976) and asserts that the case holds that "shall" is not obligatory if an agency is afforded an option to pursue alternative courses of action. The particular language in *Seiden* states that "... use of the word shall does not *require* the conclusion that the [administrator's action] is ministerial rather than discretionary since the mandatory language [in the statute in *Seiden*] is *modified* by the requirement that the actions required to be defended be 'for any such damage or injury.'" *Seiden* at 869. The facts of *Seiden* are not on par with the facts here. The Court in *Seiden* was deciding whether an administrator had the discretion to make a threshold determination

as to whether there was cause for him to act at all under the statute. There was no discussion as to whether he *must* act once he determined there was *cause* to act. It was simply that mandamus would not issue to require him to make that threshold determination on Ms. Seiden's behalf. The problem here is not the same. Under these facts the determination involves a question of whether the administrator must enforce assuming, as the statute reads, "on the basis of any information available to him the Administrator finds any person in violation of § 1311 ..."

▇ The question is a close one of statutory construction whether § 1319(a)(3) imposes a discretionary or nondiscretionary duty on the EPA Administrator to issue an order requiring compliance with the Clean Water Act. The Court notes this question has been addressed by several other district courts and there is disagreement among those courts. In statutory construction the function of the court is to give effect to [legislative] intent "and there is no invariable rule for the discovery of that intent." *U.S. v. American Trucking*, 310 U.S. 534, 60 S.Ct. 1059, 1063, 84 L.Ed. 1345 (1940). There is, however, a procedure of statutory construction. Initially, the Court should look to the language of the statute itself. *Id.* 60 S.Ct. at 1063.

▇ There is no question but that use of the word "shall" is generally an indication of mandatory intent. *Sierra Club v. Train*, 557 F.2d 485, 489 (5th Cir.1977). Although a salutary rule of construction prohibits use of extrinsic aids when a statute is clear and ambiguous on its face, as the court noted in *Sierra*, "we heed a caution made with specific reference to the 1972 Water Pollution Act that 'when aid to construction of the words, as used ... is available, there can be no 'rule of law' which forbids its use, however clear the words may appear.'" *Sierra* at 489, *quoting Train v. Colorado research*, 426 U.S. 1, 96 S.Ct. 1938, 1942, 48 L.Ed.2d 434 (1976). Extrinsic aids outside the four corners of the statute do not rebut this court's conclusion. The Court here has examined

these aids. They are: the purpose of the statute, its reading as a whole, and the legislative history. However, unlike in *Train* these extrinsic materials do not "shed considerable light on the question before this Court." *Train* 96 S.Ct. at 1942.

One Court which has addressed the question herein was the court in *Sierra*. It performed extensive research into the legislative history and noted:

> Even during the legislative stage, dissension existed over whether § 1319(a)(3) created a discretionary or non-discretionary duty. The discord is evidenced by the distinction between the Senate version and the House version of the bill:
>
> Senate Bill
>
> Section 309 *requires* the Administrator ... to issue a compliance order or to bring a civil suit against the pollutor.
>
> \* \* \* \* \* \*
>
> [T]he section *requires* him to either issue an order that requires immediate compliance or to bring a civil suit ... If such an abatement order is not complied with, the Administrator would initiate a civil suit for appropriate relief, such as an injunction.
>
> \* \* \* \* \* \*
>
> House Amendment
>
> Section 309 is basically the same as the Senate bill except that the Administrator is *authorized* rather than required to initiate civil actions or criminal proceedings.
>
> . . . . .
>
> Conference substitute
>
> This is the same as the House Amendment.
>
> H.R.Conf.Rep. No. 92–1465, 92d Cong., 2d Sess. (1972), reprinted in House Comm. on Pub. Works, 93rd Cong., 1st Sess., Laws of the United States Relating to Water Pollution Control and Environmental Quality (1973). *Sierra* at 489.

The final published version of the Act seems to be a linguistic compromise. Section 1319(a)(3) consistently uses "shall" as to both methods of enforcement and states the Administrator "shall" sue under § 1319(b), which "authorizes" suit. The question becomes whether "authorized" is a term imbuing discretion. Available authority is innumerable but is not decisive on that point and a strong argument can be made either way. This Court thinks the better view was long ago expressed in *Mason v. Fearson*, 50 U.S. (9 How.) 248, 13 L.Ed. 125 (1850), that a statute which "authorizes" a public officer to do a certain thing imposes upon him a positive and absolute duty to do such act, which may be enforced by those for whose benefit it is to be done. *Mason* 50 U.S. (9 How.) at 259.

Next we look at the expressed purpose of the Act, 33 U.S.C. § 1251 provides:

> § 1251. Congressional declaration of goals and policy
>
> (a) The objective of this chapter is to restore and maintain the chemical, physical, and biological integrity of the Nation's waters. In order to achieve this objective it is hereby declared that, consistent with the provisions of this chapter—
>
> > (5) it is the national policy that area-wide waste treatment management planning processes be developed and implemented to assure adequate control of sources of pollutants in each State; and
>
> . . . . .
>
> (b) It is the policy of the Congress to recognize, preserve, and protect the primary responsibilities and rights of States to prevent, reduce, and eliminate pollution, to plan the development and use (including restoration, preservation, and enhancement) of land and water resources, and to consult with the Administrator in the exercise of his authority under this chapter.
>
> . . . . .
>
> (d) Except as otherwise expressly provided in this chapter, the Administrator of the Environmental Protection Agency ... *shall* administer this chapter. (emphasis added).

(e) Public participation in the development, revision, and enforcement of any regulation, standard, effluent limitation, plan or program established by the Administrator or any State under this chapter *shall* be provided for, encouraged, and assisted by the Administrator and the States. (emphasis added)

. . . . .

The very purpose as clearly expressed is to effectuate the end Mr. Greene asserts he is trying to attain.

Finally, reading the statute as a whole, the Court finds that Congress consistently uses the term "shall" in delineating the enforcement policies and procedures under the Act. Congress does use the term "may" and "authorized" in the Act; however, their use is not made interchangeable with "shall." Their use in the same provision indicates an awareness of the general meaning of each and a conscious choice to use their general statutory meaning.

The Court adopts the contention of the plaintiff in *Sierra Club* that arguably the House amendment did remove the mandatory aspect of enforcement by lawsuit, but that, even if it did, it did not remove the mandate to issue a compliance order. *Sierra* at 489. The Court in *Sierra* based its decision, not on the above extrinsic aids, but on its own determination that "[s]ince the Administrator at his discretion may bring suit, concluding the Administrator's duty to issue an abatement order to be mandatory would be unreasonable." *Sierra* at 490.

 Having found that plaintiff has made the requisite allegation for jurisdiction under this statute—alleging a failure to perform a nondiscretionary duty—the Court finds it does have jurisdiction under 33 U.S.C. § 1319 to hear this cause. Other district courts have so found. *South Carolina Wildlife Federation v. Alexander*, 457 F.Supp. 118 (D.S.C.1978); *People of Illinois v. Hoffman*, 425 F.Supp. 71, (D.Ill. 1977); *U.S. v. Phelps Dodge Corp.*, 391 F.Supp. 1181 (D.Ariz.1975). Having determined the major issue raised in the motion,

the Court addresses the alternative grounds asserted for dismissal.

### (b) Mandamus Statute

Greene alleged that this Court also has jurisdiction of this cause under 28 U.S.C. § 1361. That statute provides:

Action to compel an officer of the United States to perform his duty

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

 By the terms of the statute the only question is whether some federal officer or agency owes Mr. Greene a duty. The duty must be nondiscretionary. However, mere categorization by the agency that the duty is discretionary does not per se foreclose judicial inquiry as to whether it is indeed discretionary or ministerial. *Carlson v. Schlesinger*, 364 F.Supp. 626 (D.C.D.C.1973), *reversed on other grounds*, 511 F.2d 1327 (D.C.Cir.1975). Having preliminarily determined that the duty is not discretionary, this Court finds it has jurisdiction under § 1361.

### (c) Federal Question

 Greene asserted jurisdiction under 28 U.S.C. § 1331. That statute provides:

The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

Unquestionably, 33 U.S.C. § 1365 is congressional legislation—a law of the United States. It authorizes a private civil action by a citizen on his own behalf to compel an Administrator to perform a nondiscretionary duty. It also confers jurisdiction on district courts for that purpose. There is no conflict presented by using 33 U.S.C. § 1365 and 28 U.S.C. § 1331 together. While 28 U.S.C. § 1331 adds nothing here—the court already having jurisdiction under 33 U.S.C. § 1365—if plaintiff had not alleged jurisdiction under 33 U.S.C. § 1365

the Court would have jurisdiction to hear this cause under the "arising under the ... laws, ... of the United States" clause of 28 U.S.C. § 1331 because it is clear from the face of the complaint that plaintiff's action is brought to establish that plaintiff has an affirmative federal right which is not being protected. That is, the complaint states a claim arising under federal law and invokes the rule that federal jurisdiction exists under 28 U.S.C. § 1331 where the complaint raises a federal question. If a § 1331 plaintiff has a bad claim, the judgment is to be given against him on the merits, and even if the court is persuaded at the outset that federal law does not give the right a party claims, it is to dismiss for failure to state a claim on which relief can be granted, rather than for want of jurisdiction. *See* C. Wright, The Law of Federal Courts §§ 17, 18 (3d ed. 1976).

### (d) Declaratory Judgment Act

Greene alleged jurisdiction as well under 28 U.S.C. §§ 2201 and 2202. These provide in pertinent part:

§ 2201. Creation of remedy

In a case of actual controversy within its jurisdiction, except with respect to Federal taxes ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought...

§ 2202. Further relief

Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment.

■ The Declaratory Judgment Act is not a grant of jurisdiction to the federal courts. It merely makes available an additional remedy in cases of which the Court has jurisdiction by diversity or by federal question. *Donnely v. Mavar Shrimp,* 190 F.2d 409 (5th Cir.1951). How is it determined that a federal district court already has jurisdiction? There are two possibilities. The complaint in a declaratory judgment action may be judged on its own merits; if it reveals a federal claim, then federal jurisdiction will exist. But this would permit some cases to be brought in federal court that could not be so brought absent the Declaratory Judgment Act. The alternative is to say that the declaratory action may be entertained in federal court if the coercive action that would have been necessary, absent declaratory judgment procedure, might have been so brought. *See* C. Wright, the Law of Federal Courts § 18 (3d ed. 1976).

Greene brought an action for declaratory judgment that he has a federal right that is being infringed by EPA. The federal claim necessarily appears on the face of the complaint, and if there were no declaratory judgment procedure Greene arguably could sue instead for coercive relief and/or damages.

The Court finds that this Act does not confer jurisdiction on the Court; however, the Court may render a declaratory judgment, as requested, because the Court already has determined that it has jurisdiction.

### (e) Administrative Procedure Act

Plaintiff has alleged jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 701–705. Those provisions follow in pertinent part:

§ 701. Application; definitions

. . . . .

§ 702. Right of review

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted *or failed to act* in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied

on the ground that it is against the United States ... Provided, That *any mandatory or injunctive decree shall specify the Federal officer or officers* (by name or by title), and their successors in office, *personally responsible for compliance.* (emphasis added)

§ 703. Form and venue of proceeding

§ 704. Actions reviewable

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review.

§ 705. Relief pending review

When an agency finds that justice so requires, it may postpone the effective date of action taken by it.

 It is clear from the statutory language that jurisdiction is conferred upon a "court of the United States" under this section to review legal wrongs suffered because of federal agency action or inaction. It serves as an affirmative grant of jurisdiction where agency action is arbitrary and capricious. However, it is unnecessary for the Court to make a determination of arbitrariness or capriciousness at this point.

### Federal Rule 12(b)(6)

The Environmental Protection Agency motioned for dismissal based on F.R.C.P. 12(b)(6). The Court follows the established rule that:

> ... [i]n appraising the sufficiency of this complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

Averments in a complaint must be treated as true and viewed in a light most favorable to plaintiff unless it so appears that under no set of circumstances could plaintiff establish his claim.

It does not so appear to the Court; therefore there can be no dismissal on this basis.

Having determined that it has jurisdiction in this cause it is ORDERED this 31st day of October, 1983, that the Motions to Dismiss for Lack of Jurisdiction or Failure to State a Claim are DENIED.