**Berton L. DuBOIS and Rose Marie DuBois, Plaintiffs,**

**v.**

**ENVIRONMENTAL PROTECTION AGENCY, City of Wheatland, Mo., W.L. Banks, Wisch & Vaughn Construction Company, Defendants.**

**No. 86–4113–CV–C–5.**

United States District Court, W.D. Missouri, C.D.

Sept. 22, 1986.

Karen K. Howard, James F. Ralls, Jr., William M. Quitmeier & Associates, Kansas City, Mo., for plaintiffs.

Vernon A. Poschel, Asst. U.S. Atty., Kansas City, Mo., for E.P.A.

Gary W. Lynch, Verna L. Haun, Douglas, Douglas & Lynch, Bolivar, Mo., for City of Wheatland, Mo.

James L. Bowles, Springfield, Mo., for defendant Banks.

Kelly Pool, Jefferson City, for defendants Wisch & Vaughn.

## ORDER

SCOTT O. WRIGHT, Chief Judge.

Plaintiffs brought this suit pursuant to the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. § 1251 *et seq.*, concerning an alleged discharge of sewage onto their property from a wastewater treatment system operated by defendant City of Wheatland, Missouri. Count VIII is directed against the federal defendants, the Administrator of the EPA and his regional administrator, and seeks injunctive relief to require the EPA to (1) commence an enforcement action against Wheatland, (2) require Wheatland to undertake certain monitoring, recordkeeping, and reporting activities, and (3) conduct annual surveys of the Wheatland wastewater treatment system. Plaintiffs have also requested leave to amend their complaint to further require the EPA to conduct an investiga-

tion of the discharge occurring on their property.

The federal defendants have moved to dismiss the count against them or, alternatively, to grant summary judgment in their favor. The federal defendants argue, and this Court agrees, that for plaintiffs to maintain an action against the federal government there must be a specific waiver of sovereign immunity. *DeVilbiss v. Small Business Admin.,* 661 F.2d 716 (8th Cir.1981). However, the FWPCA provides for citizen's suits under 33 U.S.C. § 1365(a)(2) when the EPA Administrator has failed to perform *nondiscretionary* acts. Thus, to determine if it has subject matter jurisdiction, the Court is faced with an issue of statutory construction—whether the duties in question are discretionary or mandatory.

### I. *Enforcement Action*

Plaintiffs allege that under 33 U.S.C. § 1319, the EPA has a mandatory duty to investigate Wheatland's alleged violations for the FWPCA. Section 1319 provides in pertinent part:

(a)(3) Whenever on the basis of any information available to him the administrator finds that any person is in violation of ... [FWPCA] he shall issue an order requiring such person to comply with such section or requirement, or he shall bring a civil action in accordance with subsection (b) of this section.

Plaintiffs allege they contacted the EPA and Missouri Department of Natural Resources on numerous occasions, but neither agency responded. Plaintiffs then gave the EPA sixty days notice of their intent to sue before filing this complaint in order to give the EPA an opportunity to respond. The federal defendants do not deny their inaction in this case, but they contend the doctrine of prosecutorial discretion includes an agency's decision not to take action. *See Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985).

The federal defendants argue for a two-prong analysis of the statute. First, plaintiffs must show that the EPA Administrator has a mandatory duty to make a finding

that Wheatland violated the FWPCA. Then they must show the Administrator has a mandatory duty to issue a compliance order or commence a civil action. A split of authority has arisen in the dozen or so cases which have dealt with this problem. The Eighth Circuit has not addressed the issue, so this Court is compelled to review the analysis of other districts.

The majority view is represented by *Sierra Club v. Train*, 557 F.2d 485 (5th Cir. 1977),[1] where the court held that the "duties imposed by § 1319(a)(3) on the EPA Administrator are discretionary. Since § 1365(a)(2) only grants jurisdiction over citizen suits to force the EPA Administrator to perform a *mandatory* duty imposed by the FWPCA, and since § 1319(a)(3) imposes a *discretionary* duty, the dismissal of [the Administrator] as a defendant for lack of subject matter jurisdiction is affirmed." *Id.* at 491.

The minority view is represented by *South Carolina Wildlife Federation v. Alexander*, 457 F.Supp. 118 (D.S.C.1978),[2] where the court held that § 1319(a)(3) does impose "a nondiscretionary duty on the Administrator to issue compliance orders once he 'finds' a violation of the Act, even though this court is not of the opinion that he is mandated to begin enforcement proceedings in the courts by initiating either a civil or criminal action." *Id.* at 134.

Both the *Sierra Club* and *South Carolina Wildlife Federation* courts analyze the legislative history of the FWPCA. The Senate version of the bill *required* the Administrator to act, while the House version *authorized* rather than required the Administrator to initiate civil actions or criminal proceedings. The *Sierra Club* court concluded that since Congress opted for the House version which used discretionary language for the sub-section concerning bringing suit, it would be unreasonable to find the duty to issue abatement orders was mandatory. The court said it would be "an empty gesture" for the EPA to issue an abatement order if it had no intention of commencing a suit for failure to comply with the abatement order.

The *South Carolina Wildlife Federation* court respectfully disagreed with the Fifth Circuit's analysis. It quoted Senator Muskie's conference report where he said:

It is important to note, however, that the provisions requiring the Administrator to issue an abatement order *whenever there is a violation* were *mandatory* in both the Senate bill and the House amendment and the Conference agreement contemplates that the Administrator's duty to issue an abatement order remains a mandatory one. . . .

*A Legislative History of the Water Pollution Control Act Amendments of 1972*, Vol. 1 at p. 174. The *South Carolina* court further points out the fallacy of the Fifth Circuit's "empty gesture" argument:

At least a compliance order could result in some cases of compliance without civil suit whereas the failure by the Administrator to do anything would certainly not enhance the possibilities of compliance.

457 F.Supp. at 133.

▪ While the Court is aware the *South Carolina* interpretation is the minority view, it finds that analysis to be far more persuasive. The spirit of the citizen suit provisions of the FWPCA is to give "the little guy" access to enforcement power of the federal government when he has discovered pollution occurring—especially in his own back yard. To allow the EPA to simply ignore such information presented

**1.** *See State Water Control Board v. Train*, 559 F.2d 921, 927 n. 34 (4th Cir.1977); *Caldwell v. Gurley Refining Co.*, 533 F.Supp. 252, 255–57 (E.D.Ark.1982); *Zemansky v. EPA*, No. A81–274, slip op. at 2 (D. Alaska Apr. 7, 1986); *Committee for Consideration of Jones Falls Sewage System v. Train*, 387 F.Supp. 526, 529–30 n. 3 (D.Md. 1975); *Bayou des Familles Development Corp. v. Corps of Engineers*, 541 F.Supp. 1025, 1040 (E.D. La.1982) (interpreting parallel provision in 33 U.S.C. § 1344); *Goodyear v. LeCraw*, 15 Env't Rep.Cas. (BNA) 1189, 1191–92 (S.D.Ga.1980) (interpreting parallel provision in 33 U.S.C. § 1344).

**2.** *See Greene v. Castle*, 577 F.Supp. 1225 (W.D. Tenn.1983); *Illinois v. Hoffman*, 425 F.Supp. 71 (S.D.Ill.1977); *United States v. Phelps Dodge Corp.*, 391 F.Supp. 1181 (D.Ariz.1975).

to it would defeat the purpose of the FWPCA. This Court finds that the plaintiffs have shown that the EPA Administrator has a mandatory duty to make a finding whether a violation has occurred. *South Carolina,* 457 F.Supp. at 130; *Legislative History, supra; see also Wisconsin's Environmental Decade, Inc. v. Wisconsin's Power and Light Co.,* 395 F.Supp. 313 (W.D.Wis.1975). In the present case the Administrator admits he has taken no action to investigate the plaintiff's situation.

As to the second prong of the analysis, the Court finds that once a violation is found, the Administrator's duty to enforce is mandatory. As the court held in *Greene v. Costle,* 577 F.Supp. 1225, 1228 (W.D. Tenn.1983): "the only discretion imbued is the discretion to choose the *method* of enforcement, not the *decision* whether to enforce." Having found the duties of § 1319 to be non-discretionary, this Court does in fact have subject matter jurisdiction to proceed.

■ The federal defendants argue that even if the EPA is under a mandatory duty to commence an enforcement action, that duty is nullified by abatement order issued by the Missouri Department of Natural Resources on January 28, 1986. The Court finds it incredulous that the Administrator assumes the state action is appropriate when the EPA has failed to take step one in conducting its own investigation into the matter. Far from being duplicative, an EPA investigation and compliance order would be a key motivator in getting the pollution cleaned up.

## II. *Monitoring*

Plaintiffs allege then under 33 U.S.C. § 1318(a) the EPA has the mandatory duty to require Wheatland to maintain and submit certain records and reports and to monitor its discharges. Plaintiffs acknowledge that the FWPCA established the National Pollutant Discharge Elimination System (NPDES) and that the particular NPDES permit issued to Wheatland by the State of Missouri requires sampling, monitoring reports and records. However, plaintiffs

contend the EPA did not make sure these things were being done on a regular basis.

Defendants argue that the question is not one of compliance with § 1318(a), but one of enforcement. This issue was addressed *supra* where the Court already found a mandatory duty to enforce under § 1319. The Court agrees the federal defendants have met their duties under § 1318(a).

## III. *Annual Survey*

■ Under 33 U.S.C. § 1290, the FWPCA provides:

The Administrator *shall* annually make a survey to determine the efficiency of the operation and maintenance of treatment works constructed with grants under this chapter, as compared to the efficiency planned at the time the grant was made. (emphasis added)

Plaintiff contends that had the EPA made such a survey, the pollution onto plaintiffs' property would have been corrected. The federal defendants counter that this provision merely expresses the intent that EPA conduct a general survey rather than a survey of each and every treatment works. This Court does not agree.

In interpreting statutes, a court is to construe Congressional intent. "There is no question but that the use of the word 'shall' is generally an indication of mandatory intent." *Greene v. Costle,* 577 F.Supp. at 1228. The Wheatland wastewater treatment system was constructed with a grant and the language of § 1290 indicates an annual survey *shall* be made. That no other court has previously interpreted this section is no reason to ignore a plain and simple reading of the statute. Therefore, plaintiffs have established a second nondiscretionary act the Administrator has failed to perform, creating a jurisdictional basis under § 1365(a)(2).

## IV. *Leave to Amend*

■ Plaintiffs allege that the EPA has a mandatory duty under 33 U.S.C. § 1252(a) to conduct investigations of discharges. That section provides in pertinent part:

The Administrator shall, after careful investigation, and in cooperation with other ... [Federal and State agencies] prepare or develop comprehensive programs for preventing, reducing or eliminating the pollution of ... [water].... For the purpose of this section, the Administrator is *authorized* to make joint investigations with any such agencies of ... the discharge of any sewage.... (emphasis added)

Defendants contend, and the Court agrees, that under this provision of the Act any investigation is discretionary. Therefore, leave to amend to add this section would be useless. However, as discussed earlier, investigation into the alleged pollution *is* mandatory under § 1319.

### V. *Summary Judgment*

 Plaintiffs have not filed a cross-motion for summary judgment, but where one party has invoked the power of the Court to render a summary judgment against an adversary, Rules 54(c) and 56 of the Federal Rules of Civil Procedure, when read together, give the Court the power to render a summary judgment for the adversary, even if he has not filed a cross-motion. *Nebraska Health Care Ass'n, Inc. v. Dunning*, 575 F.Supp. 176, 177 (D.Neb. 1983); *Inner City Broadcasting Corp. v. Cardenas*, 554 F.Supp. 42 (D.C.D.C.1982). As to two aspects of plaintiffs' requested injunctive relief, there is no genuine issue of material fact and, therefore, summary judgment is appropriate.

### VI. *Conclusion*

For the above reasons, it is hereby

ORDERED that

1. Federal defendants' motion to dismiss plaintiffs' Count VIII is denied;

2. Federal defendants' motion for summary judgment is denied; however, summary judgment is granted in favor of plaintiffs;

3. Plaintiffs' motion for leave to amend to allege violation of 33 U.S.C. § 1252(a) is denied as moot;

4. Plaintiffs' request for injunctive relief is granted, and federal defendants shall comply with 33 U.S.C. § 1319(a)(3) and § 1290 and shall

a. investigate and make a finding as to whether pollution has occurred on plaintiffs' property in violation of the FWPCA;

b. if the finding is positive, to issue an abatement order or file a civil action;

c. make an annual survey of the Wheatland water treatment plant.