851 F.Supp. 704 (1994)
Ronal LOGAN, Plaintiff,
v.
UNITED STATES of America, Defendant.
Civ. No. PJM 94-254.
United States District Court, D. Maryland.
May 9, 1994.
*705 *706 Harry Goldwater, Thomas R. Mooers, Washington, DC, for plaintiff.
Larry D. Adams, U.S. Attys. Office, Baltimore, MD, for defendant.

OPINION
MESSITTE, District Judge.

I.
Plaintiff Ronal Logan, a resident of Maryland, was injured in a motor vehicle accident that occurred in Montgomery County on December 12, 1990. On October 6, 1992, he filed suit in Montgomery County Circuit Court against Barry Lee Hurst, another Maryland resident, alleging that Hurst's negligence in operating a second vehicle was the cause of Plaintiff's injuries. On December 8, 1993, Plaintiff added Defendant Ralph Edward Samples, also a Maryland resident, to the suit, averring that Samples jointly caused the accident by reason of his negligent operation of a motorcycle. On February 2, 1994, the United States, pursuant to 28 U.S.C. § 2679(d)(2), filed a motion to substitute itself for Defendant Samples, accompanied by a petition for removal of the case to this Court.

II.
Section 2679(d)(2) of Title 28 of the U.S.Code provides that the Attorney General may certify that a defendant in a state civil suit was acting in the scope of his employment at the time of the incident out of which the claim arose, substitute itself as the party defendant, and thence remove the case to U.S. District Court. Congress enacted this statutory scheme to immunize federal employees from liability for tortious acts caused by them while acting in the scope of their employment. See U.S. v. Smith, 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991); see also Johnson v. Carter, 983 F.2d 1316 (4th Cir.1993), cert. den. ___ U.S. ___, 114 S.Ct. 57, 126 L.Ed.2d 27 (1993). When the United States is substituted as party-defendant, the remedy against the United States becomes the exclusive remedy for the recovery of money damages against the employee. Id. The Government may also avail itself of the "neutral confines of the federal courts." Melo v. Hafer, 912 F.2d 628, 641 (3d Cir. 1990), aff'd, ___ U.S. ___, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). The Fourth Circuit has made it abundantly clear that in this Circuit the Attorney General's certification is conclusive both for purposes of removal and substitution. Johnson v. Carter, supra. In other words, the certification forecloses judicial review of the issue of scope of employment for any purpose.
The Attorney General, through the Office of the U.S. Attorney for the District of Maryland, has certified in this case that Defendant Samples was acting within the scope of his employment at the time of the alleged accident because, as a visual information specialist at the Office of Personnel Management (OPM), he was en route to conducting a printing press sheet inspection at an establishment in Gaithersburg. Since this certification is conclusive for both removal and substitution purposes, the Court has no choice but to sign the Order of Substitution.[1]

III.
Having arrived here, the United States now asks the Court to dismiss Plaintiff's case for lack of subject matter jurisdiction on the grounds that (1) Plaintiff has failed to exhaust his administrative remedies and (2) because the statute of limitations has run on any further claims against the Government.[2] Plaintiff, not surprisingly, does not agree.
The Government opens by citing 28 U.S.C. § 2675, which provides that:
[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or *707 employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.
Plaintiff, who bears the burden of proving compliance with the administrative requirements, Kielwien v. United States, 540 F.2d 676, 679 n. 6 (4th Cir.1976), cert. denied, 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976), admits he has filed no administrative claim, but responds with two divergent arguments. On the one hand, he asks that his claim against the Government remain in this Court and that the proceedings be stayed while he pursues his administrative remedy with OPM. On the other, while he concedes the Government may have to be dismissed from the case, he argues that Samples individually should not be, although he further concedes that any claim against Samples is properly remandable to state court.
As far as any claim against the Government is concerned, there is no salvation for Plaintiff. As the Government correctly points out, failure to file an administrative claim divests this Court of subject matter jurisdiction. The U.S. Court of Appeals for the Fourth Circuit in Henderson v. United States, 785 F.2d 121 (4th Cir.1986) stated the rule thus:
Plaintiffs must meet certain prerequisites before filing an action under the Federal Tort Claims Act ("FTCA") in federal court. The FTCA clearly provides that, prior to bringing an action against the United States, a claimant "shall have first presented the claim to the appropriate Federal agency".... It is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived.
785 F.2d at 123.
At the same time the Court is aware of no authority that would permit it to stay proceedings in this court while Plaintiff initiates the administrative process that should have preceded the litigation. See United States v. Burzynski Cancer Research Institute, 819 F.2d 1301 (5th Cir.1987), cert. denied 484 U.S. 1065, 108 S.Ct. 1026, 98 L.Ed.2d 990 (1988). See also Resolution Trust Corporation v. Raskin, 843 F.Supp. 1008 (D.Md.1994).
Plaintiff's failure to pursue this administrative remedy compels the Court to dismiss his complaint against the United States.

IV.
Although the Court is dismissing Plaintiff's claim against the United States because he failed to exhaust administrative remedies, it will serve judicial economy to address the timeliness vel non of any claim that Plaintiff might file with OPM at this point.
28 U.S.C. § 2401(b) provides in pertinent part that:
(a) tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.
A claim must therefore be filed within two years of accrual of a cause of action. Clearly more than two years have passed since December 12, 1990, when Plaintiff was injured.
But Plaintiff calls attention to 28 U.S.C. § 2679(d)(5) which contains a relation-back provision applicable where the Government, as it has done here, substitutes for an individual defendant in an ongoing court suit. In such a case, a claim is deemed timely if:
A) the claim would have been timely had it been filed on the date the underlying civil action was commenced; and
B) the claim is presented to the appropriate Federal agency within 60 days after the dismissal of the civil action.
28 U.S.C. § 2679(d)(5)(A)(B).
Plaintiff argues that he filed his underlying civil action in Montgomery County Circuit Court on October 6, 1992, less than 2 years from the date of his accident, December 12, 1990, and therefore, that he acted timely. The argument fails to persuade.
*708 Plaintiff did not sue Samples (the federal employee) on October 6, 1992, he sued Hurst (a non-federal employee). Plaintiff's suit against Samples and through him the Government did not commence until December 7, 1993, when Samples was added as a defendant in the case, well after the 2-year limitation period. The Court finds no basis in law or policy for allowing the date of the suit against the non-federal employee defendant to serve as the date of the suit against the later-added federal employee defendant.
Plaintiff gains no ground by asserting that he did not know for some time that Samples was a federal employee acting within the scope of his employment. As a rule, if the 2-year limitations period has run, it has run. See Gould v. Department of Health and Human Services, 905 F.2d 738 (4th Cir.1990), cert. den., 498 U.S. 1025, 111 S.Ct. 673, 112 L.Ed.2d 666 (1991). Plaintiff has produced no evidence that, despite due diligence and reasonable investigation on his part, critical information as to Samples' federal employee status was undiscoverable. See Gould, 905 F.2d at 744-747. Apart from his failure to exhaust administrative remedies, therefore, Plaintiff's suit against the Government also comes too late.

V.
Plaintiff argues in the alternative that dismissal of his case against the Government should not automatically terminate his claim against Samples, and suggests that, to the extent that Samples may not have been acting within the scope when the accident occurred, he would still be individually amenable to suit, although to be sure in state rather than federal court. See Sangeminio v. Zuckerberg, 454 F.Supp. 206 (E.D.N.Y. 1978).
As previously stated, however, in the Fourth Circuit this argument is not open to a plaintiff. The Court's opinion in Johnson v. Carter, supra, makes the scope of employment issue conclusive for substitution as well as removal purposes. Once the United States is substituted as a party, which assumes a scope of employment finding, there is no further inquiry to be had.
Since all that remains is Plaintiff's tort claim against Defendant Hurst, a non-diverse party, the Court must remand the suit to the Montgomery County Circuit Court, where it began.
Separate Orders will be entered implementing these decisions.
NOTES
[1] The Court's Order will be signed effective February 2, 1994, the date the Motion for Substitution was filed in this Court.
[2] Co-Defendant Hurst, before the Court pursuant to pendente party jurisdiction, see 28 U.S.C. § 1367, has filed no motion to dismiss, but in his Answer also contests the Court's jurisdiction.